SCROGGINS *v.* CORNING GLASS COMPANY.

OPINION OF THE COURT.

1. WORKMEN'S COMPENSATION—APPEAL BOARD—CREDIBILITY OF WITNESSES—INFERENCES—SUPREME COURT.

The workmen's compensation appeal board passes on the credibility of the witnesses and draws its inferences from the circumstances and facts which it finds established, and although an appellate court may reverse awards for failure of evidence to support them, it is not the trier of the facts.

2. SAME—DRUNKENNESS—WORK CONNECTION.

Once a causal connection between a compensable injury and ensuing drunkenness is established, subsequent disability caused by the drunkenness is compensable under workmen's compensation act (CL 1948, § 413.12).

3. SAME—PARTIAL DISABILITY—WORK CONNECTION—EVIDENCE.

Finding of workmen's compensation appeal board that claimant's drunken condition, for which he was discharged from favored employment as a plant guard, was caused by work-connected injury to his back while employed as an unskilled laborer, and was therefore compensable, *held*, supported by evidence in the record where claimant testified that he seldom drank before his injury and that drinking was the only way he could find to kill the pain which continued after an operation on his back, and there was no contrary evidence in the record (CL 1948, § 413.12).

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 522, 530–532.
[2, 3, 5] 58 Am Jur, Workmen's Compensation § 198.
[4] 58 Am Jur, Workmen's Compensation §§ 522, 529, 530.

DISSENTING OPINION.

HOLBROOK, P. J.

4. WORKMEN'S COMPENSATION—REVIEW OF RECORD BY COURT OF APPEALS.

The Court of Appeals reviews the record in workmen's compensation cases to determine if there is competent evidence to support the finding of facts (CL 1948, § 413.12).

5. SAME—PARTIAL DISABILITY—INTOXICATION.

There was no competent evidence in the record to show a need by workmen's compensation claimant to imbibe intoxicants to the extent of becoming intoxicated to alleviate his pain; hence, finding of workmen's compensation appeal board that his intoxication was caused by compensable injury to his back was not supported by evidence in the record (CL 1948, § 413.12).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 June 8, 1967, at Grand Rapids. (Docket No. 1,544.) Decided March 25, 1968. Leave to appeal granted July 24, 1968. See 381 Mich 765.

Application by James H. Scroggins against Corning Glass Company for workmen's compensation benefits because of a back injury arising out of and in the course of his employment. Award to plaintiff by referee. Defendant appealed. Workmen's Compensation Appeal Board affirmed. Defendant appeals. Affirmed.

*Milton L. Zentmyer,* for plaintiff.

*Wilcox & Robinson,* for defendant.

McGREGOR, J. On April 25, 1955, plaintiff, while an unskilled laborer, incurred a back injury arising out of and in the course of his employment at defendant's plant. The last day he worked was May 26, 1955. Plaintiff had been earning $65 for a 40-hour

week. Defendant voluntarily paid compensation to the plaintiff for most of the time until plaintiff went back to favored employment, on September 20, 1956, at a greater wage, as a plant guard. During the interval when he was not working, plaintiff underwent surgery on his back.

On December 28, 1963, defendant discharged the plaintiff for being under the influence of intoxicants while at work.

Plaintiff then made an application for hearing and adjustment of claim for compensation, contending that there was a causal relationship between his drinking problem and the original injury. After hearing the case, the hearing referee entered an award in favor of the plaintiff which was affirmed by the workmen's compensation appeal board. On application for leave to appeal to this Court, the case was remanded to the appeal board to make a finding of fact as to the reason for plaintiff's discharge. In response, the appeal board returned the following opinion:

"On January 28, 1966, the above entitled cause was remanded to this board for a finding of fact as to the reason plaintiff was discharged from employment with the defendant on December 28, 1963.

"In pursuance of said order of the Court of Appeals of the State of Michigan, this board finds as a matter of fact that plaintiff was discharged by defendant for being under the influence of intoxicating beverages while at work.

"The Appeal Board would like to bring to the attention of the Court the following testimony found on pages 14 and 15 of the record:

" 'Q. Did you drink prior to your injury in 1955?

" 'A. Very seldom.

" 'Q. After your injury did you drink an increase in quantity?

" 'Mr. Wilcox: I will object to this on the ground that it is immaterial.

" 'Mr. Robinson: I think it might have some bearing.

" 'The Court [sic] : Go ahead.

" 'Q. Did your drinking increase in point of quantity and frequency after your injury?

" 'A. Yes.

" 'Q. Will you state your reason for the drinking?

" 'Mr. Wilcox: I will object—it's not relevant.

" 'Mr. Robinson: I think it is.

" 'The Court [sic] : I'll take it.

" 'Q. You may answer.

" 'A. I had a lot of pain during that time, and that's the only way I could find to kill the pain.

" 'Q. Did this pain continue after your operation?

" 'A. Yes, it did.'

"This testimony demonstrates to our satisfaction that the disability originated with the personal injury. It is our firm conviction plaintiff has and continues to suffer a loss of wage-earning capacity due to a conceded job-incurred injury, which injury precipated the problem which led to his discharge."

The record shows no contrary evidence.

Defendant appeals this ruling and contends that the appeals board finding that the plaintiff's drunken condition originated with his earlier work-connected injury is not supported by the record.

The scope of review of a decision of the workmen's compensation appeal board on review is limited by CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186) :

"The findings of fact made by the compensation commission acting within its powers, shall, in the absence of fraud, be conclusive, but the supreme court shall have power to review questions of law involved in any final decision or determination of said compensation commission."

In the case at bar, there is no allegation of fraud and the only point defendant is disputing is the

factual question of whether the alcoholic drinking problem of plaintiff was work-connected. It is clear that the prevailing trend in workmen's compensation law is that once a causal connection between a drinking problem and a compensable injury is factually established, then the subsequent disability caused by the drinking problem is compensable.

"Several cases have held that, where drugs used in the treatment of a compensable injury led to narcotics addiction or alcoholism, the ensuing consequences were compensable." 1 Larson, Workmen's Compensation Law, § 13.21, p 192.86 (1966).

"It may not be necessary to repeat what we have so frequently said that this Court does not review the findings of fact of the board, except to determine whether there is any evidence to support the award. The evidence may not be direct; it may be circumstantial. The board not only passes on the credibility of witnesses, but draws its inferences from the circumstances and the facts which it finds established. We may reverse awards for a failure of evidence to support them, but we are not the triers of the facts. With this view in mind, we approach the consideration of this case." *Thornton* v. *Luria-Dumes-Co-Venture* (1956), 347 Mich 160, 162, quoting from *Meyers* v. *Michigan Central R. Co.* (1917), 199 Mich 134, 137, 138.

Appellant argues that *Garrett* v. *Chrysler Corporation* (1953), 337 Mich 192, in which compensation was denied after employee was discharged for repeated voluntary drunkenness following a compensable injury dictates that compensation should be denied in this case. In the *Garrett* case, however, there was no finding by the workmen's compensation commission of a causal connection between the original injury and the subsequent intoxication.

"His voluntary drunkenness was the reason for his discharge, and not his physical condition resulting from his injuries. His several voluntary acts of drunkenness, indicating and caused by his moral turpitude, * * * were the efficient cause of the termination of his employment." *Garrett* v. *Chrysler Corporation, supra,* at p 194.

In the instant case, the appeal board found that the job-incurred injury precipitated appellee's drinking problem and that there was a direct causal connection between the injury, the drinking problem and the employee's discharge.

Whether we like it or not, this statutory dilemma impales us upon one horn. If a different result is a better result, it is for the legislature to say. There being evidence to support the board's findings of fact, this Court is required to and does affirm the decision of the appeals board. Costs to appellee.

BURNS, J., concurred with McGREGOR, J.

HOLBROOK, P. J. (*dissenting*). My brother judges quote 1 Larson, Workmen's Compensation Law, § 13.21, p 192.86, as supporting their position. The cases cited in Larson are distinguishable on their facts from the case at hand. In the most favorable case cited therein, *Fennell* v. *Maryland Casualty Company* (1961), 208 Tenn 116 (344 SW2d 352), the employee suffered pain following a back injury and operation. When the drugs prescribed by his doctor were exhausted he substituted whisky in nonintoxicating doses to ease the pain. Compensation was awarded when the development of acute hepatitis in addition to malnutrition, the immediate causes of death, were found causally related to the prior back injury.

· "Numerous witnesses   *   *   * testified that he [Fennell] never took enough whisky to class him as an alcoholic or ever to be found under its influence to the extent that it was noticeable to Rev. Churchwell, his pastor, or to his father, or to (other witnesses who testified)." *Fennell* v. *Maryland Casualty Company*, 208 Tenn 116, 119.

Plaintiff herein, unlike Fennell, was discharged from his favored employment for being under the influence of intoxicating beverages while at work.*

It is true that this Court does not review fact findings of the appeal board. Yet a fundamental principle remains, *viz.*: the record may be reviewed to determine if there is competent evidence to support the finding of facts. *Pigue* v. *General Motors Corporation* (1947), 317 Mich 311. No competent evidence appears in the instant record showing *a need by plaintiff to imbibe intoxicants to the extent of becoming intoxicated to alleviate his pain.* Thus the finding of a causal connection is not supported by the record.

Under the facts in this case, *Garrett* v. *Chrysler Corporation* (1953), 337 Mich 192 is controlling. For the reasons stated this writer is constrained to voice dissent and vote for reversal.

---

* On remand from the Court of Appeals, the workmen's compensation appeal board made the following finding of fact:

"The board finds as a matter of fact that the plaintiff was discharged by defendant for being under the influence of intoxicating beverages while at work."