SCROGGINS v. CORNING GLASS COMPANY.

OPINION OF THE COURT.

1. WORKMEN'S COMPENSATION—PROXIMATE CAUSE—FINDING OF FACT —CONSTITUTIONAL LAW—STATUTES—EVIDENCE.

Proximate causality in workmen's compensation cases is a determination within the province of the finder of fact, and in accordance with the Constitution and statutes, when the workmen's compensation appeal board makes a finding of fact which is supported by evidence in the record, the Supreme Court must accept the board's finding of fact (Const 1963, art 6, § 28; CL 1948, §§ 411.1, 412.12, 413.12).

2. SAME—FINDING OF WORKMEN'S COMPENSATION APPEAL BOARD— EVIDENCE—INTOXICATION—BACK INJURY.

The Supreme Court must accept the finding of fact by the workmen's compensation appeal board supported by evidence in the record that voluntary intoxication of claimant was due to job-incurred back injury and under the circumstances did not disqualify him from benefits under the workmen's compensation act, there being no finding by the board that the intoxication was wilful misconduct (Const 1963, art 6, § 28; CL 1948, §§ 411.1, 412.12, 413.12).

3. SAME—BACK INJURY—INTOXICATING LIQUOR—DISCHARGE—FINDING BY WORKMEN'S COMPENSATION APPEAL BOARD.

Finding by workmen's compensation appeal board that plaintiff suffered a loss of wage-earning capacity due to a conceded job-incurred injury to his back, which injury led to his discharge for working under the influence of intoxicating liquor, is affirmed where supported by plaintiff's evidence, not contradicted, that he had to drink to ease the pain from the injury (Const 1963, art 6, § 28; CL 1948, § 413.12).

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 58 Am Jur, Workmen's Compensation § 530.
[4, 5] 58 Am Jur, Workmen's Compensation § 198.

4. Same—Disqualification for Benefits—Intoxicating Liquor—
Proximate Cause.

Voluntary intoxication does not necessarily disqualify an injured employee from benefits under the workmen's compensation act where it is found as a fact from supporting evidence that proximate causality between the injury and disability for work due to intoxication was not broken (Const 1963, art 6, § 28; CL 1948, §§ 411.1, 412.12, 413.12).

Dissenting Opinion.

T. E. Brennan, C. J.

5. Workmen's Compensation—Back Injury—Intoxicating Liquor
—Proximate Cause.

*Claim that plaintiff's discharge from employment, due to on-the-job intoxication, was proximately caused by 8-year-old injury to back* held, *patently unworthy of belief and so contrary to public policy as not to be acceptable in proceeding to recover workmen's compensation.*

Appeal from Court of Appeals, Division 3, Holbrook, P. J., and Burns and McGregor, JJ., affirming the Workmen's Compensation Appeal Board. Submitted June 9, 1969. (Calendar No. 10, Docket No. 52,008.) Decided December 1, 1969.

10 Mich App 174, affirmed.

Application by James H. Scroggins against Corning Glass Company for workmen's compensation benefits because of a back injury arising out of and in the course of his employment. Award to plaintiff by referee. Defendant appealed to Workmen's Compensation Appeal Board. Affirmed. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Affirmed.

*Milton L. Zentmyer,* for plaintiff.

*Wilcox & Robison,* for defendant.

T. G. KAVANAGH, J. On April 25, 1955, James H. Scroggins injured his back while working for the defendant Corning Glass Works. Corning paid him compensation until he returned to work as a plant guard following corrective surgery.

Scroggins continued his work as a plant guard until December 28, 1963, at which time Corning discharged him for working while under the influence of intoxicating beverages.

He filed a claim for workmen's compensation and asserted that his injury in 1955 caused his discharge because, he testified, he had to drink to ease the pain from the injury.

The workmen's compensation appeal board affirmed his award, holding that his testimony that drink was the only way he could find to kill the pain demonstrated that the disability originated with the personal injury. The board said: "It is our firm conviction plaintiff has and continues to suffer a loss of wage-earning capacity due to a conceded job-incurred injury, which injury precipitated the problem which led to his discharge. The record shows no contrary evidence."

The Court of Appeals affirmed the award. 10 Mich App 174.

The appellant asserts that voluntary intoxication which results in discharge breaks the causal connection between the injury and his disability for work.

We do not agree.

Proximate causality is a determination within the province of the fact finder. We are constrained by the Constitution[1] and statute[2] to accept the findings of fact by the workmen's compensation appeal board if supported by any evidence in the record.

From his argument it appears the appellant considers voluntary intoxication such wilful misconduct

[1] Const 1963, art 6, § 28.
[2] CL 1948, § 413.12 (Stat Ann 1968 Rev § 17.186).

as will disqualify a claimant from benefits under
the act.[3]

We concede that this may often be true as a matter of fact, but, in the absence of administrative
finding of such fact based upon proof or permissible
inference from proof, we are powerless to change
the result.[4]

We cannot rule as a matter of law in the face of
testimony that the only way he could find to kill the
pain was to drink that James Scroggins' intoxication amounted to wilful misconduct. If the employer
could have proved otherwise he should have done so.

Affirmed. Costs to appellee.

DETHMERS, KELLY, T. M. KAVANAGH, and ADAMS,
JJ., concurred with T. G. KAVANAGH, J.

BLACK, J., concurred in the result.

T. E. BRENNAN, C. J. (*dissenting*). The claimant's on-the-job intoxication, not his eight-year-old
back injury, was the cause of his inability to give his
employer a day's work for a day's pay. For this,
he was properly discharged.

---

[3] "If the employee is injured by reason of his intentional and
wilful misconduct he shall not receive compensation under the provisions of this act." PA 1912 (1st Ex Sess), No 10, pt 2, § 2 (CL
1948, § 412.2 [Stat Ann 1968 Rev § 17.152]).

[4] If an employee suffers a compensable injury causing continuing
pain which can be relieved *only* by drinking to the point of intoxication or by taking incapacitating drugs, or by undergoing disabling
surgery he may still receive compensation.

While an employee has the duty to treat his injury, his refusal
to treat or his manner of treatment must be shown by the employer
to constitute wilful misconduct to disqualify the employee under
the Michigan act:

"In an action to recover damages for personal injury sustained
by an employee in the course of his employment, or for death resulting from personal injuries so sustained, it shall not be a defence:

"(a) That the employee was negligent, unless and except it shall
appear that such negligence was wilful." PA 1912 (1st Ex Sess),
No 10, pt 1, § 1 (CL 1948, § 411.1 [Stat Ann 1968 Rev § 17.141]).

Under these circumstances only the most unenlightened social policy would permit the claimant to offer evidence to the effect that he had to get drunk in order to go to work.

The claim is patently unworthy of belief; and even if probable would be so obviously contrary to public policy that it should not be accepted.

I would reverse, with costs to appellant.