SCOTT v KALAMAZOO COLLEGE

WORKMEN'S COMPENSATION—EMPLOYEE BENEFITS—WORKMEN'S COM-
PENSATION APPEAL BOARD—DISCHARGE—REASONS FOR DIS-
CHARGE—QUESTION OF FACT.

The right to further benefits is a question of fact for resolution by
the Workmen's Compensation Appeal Board where a disabled
employee on favored work quits or is discharged; the appeal
board is required to determine whether the employee quit or
was discharged for any reason connected with his disability, or
was unable to find employment at equal pay for any reason
connected with his disability, or whether the discharge was for
just cause.

Appeal from Workmen's Compensation Appeal
Board. Submitted February 3, 1977, at Grand Rap-
ids. (Docket No. 27446.) Decided August 8, 1977.

Claim by John B. Scott against Kalamazoo Col-
lege and Travelers Insurance Company for work-
men's compensation. Benefits denied by hearing
referee. The Workmen's Compensation Appeal
Board reversed. Defendants appeal. Reversed and
remanded.

*Eugene Field, P. C.* (by *Jerry L. Miller*), for
plaintiff.

*Lilly, Piatt, Doyle & Kragt,* for defendant.

Before: D. F. WALSH, P. J., and QUINN and BASH-
ARA, JJ.

QUINN, J. The hearing referee denied plaintiff's

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation § 635.

claim for workmen's compensation benefits. The appeal board reversed that decision and ordered defendants to pay benefits. Defendants appeal and plaintiff cross-appeals and requests a remand to the appeal board for additional fact finding if this Court finds for defendants.

Plaintiff was injured on the job while employed by the college. He fell from a ladder and fractured his right ankle and left heel. He received compensation benefits until he resumed work for the college. The work was supposed to be favored work that plaintiff could perform without violating work restrictions placed on him by his doctor.

Plaintiff was employed at this work from September 7, 1971, until November 10, 1972, when he was discharged for unsatisfactory work. Plaintiff admitted that he had been warned some two and one-half months prior to discharge about the quality of his work and that further complaints would result in discharge. He also testified that some of the work that he did required him to violate the work restrictions imposed by the doctor. In its opinion reversing the referee, the appeal board stated:

"Assuming arguendo, the discharge was for reasons of poor workmanship and that further the injury residuals did not contribute to this inadequate quality (which plaintiff disputes), even then no bar to compensation arises. Both counsel cite *Todd v Hudson Motor Car Co*, 328 Mich 283, and *Garrett v Chrysler Corp*, 337 Mich 192, as supportive of their respective positions. The Board's analysis of those cases in *Carroll v Aggregate Surface Corp*, 1972 WCABO 233, is reiterated here:

" ' * * * an employer can only refuse to pay benefits to an otherwise entitled and disabled employee following a discharge, if that discharge is based on an act of moral turpitude, such as was found in *(Todd* and *Garrett, supra).*' "

Neither *Todd v Hudson Motor Car Co,* 328 Mich 283; 43 NW2d 854 (1950), nor *Garrett v Chrysler Corp,* 337 Mich 192; 59 NW2d 259 (1953), is so restrictive. In *Todd, supra,* page 289, a unanimous Court stated:

"In the case at bar, lighter work at earnings equal to or greater than received at the date of injury was made available to plaintiff. It was not through physical inability to perform the work, arbitrary caprice of the employer, or some ordinary cause for dismissal that this employment was terminated. Plaintiff was discharged for gambling activities forbidden by law, which were in no wise in furtherance of the duties of his employment."

*Garrett, supra,* relied on *Todd.*

Whether a disabled employee on favored work, who quits or is discharged, is entitled to further benefits is a question of fact in each case. The questions being, did he quit or was he discharged for any reason connected with his disability, or was he unable to find employment at equal pay for any reason connected with his disability? Was the discharge for just cause?

Reversed and remanded to the appeal board for fact finding, and answer to the foregoing questions. Both sides having prevailed, we award no costs.