DeMARS v ROADWAY EXPRESS, INC

Docket No. 47045. Submitted June 26, 1980, at Detroit.—Decided September 3, 1980. Leave to appeal applied for.

Alfred J. DeMars, plaintiff, became disabled as a result of a series of injuries he sustained to his back and knee while he was employed by Roadway Express, Inc., defendant. The defendant voluntarily paid benefits to the plaintiff following his injury until learning that the plaintiff, subsequent to his last day of work, was convicted of receiving and concealing goods stolen from the defendant. The plaintiff was thereupon discharged, and the defendant ceased paying benefits. The plaintiff filed a petition for a hearing and was awarded disability compensation. A unanimous appeal board affirmed. The defendant appeals by leave granted. *Held:*

1. The Court of Appeals is charged with the responsibility of reviewing questions of law involved in any final order of the Worker's Compensation Appeal Board.

2. A disabled employee, receiving worker's compensation benefits, who subsequently is convicted of receiving and concealing goods stolen from his employer who was voluntarily paying benefits, is entitled to continued disability compensation.

Affirmed.

1. WORKER'S COMPENSATION — APPEAL BOARD — COURTS.

The Court of Appeals is charged with the responsibility of reviewing questions of law involved in any final order of the Worker's Compensation Appeal Board.

2. WORKER'S COMPENSATION — EMPLOYEES — CRIMES.

A disabled employee receiving worker's compensation benefits who subsequently is convicted of receiving and concealing goods stolen from his employer who was voluntarily paying benefits is entitled to continued disability compensation.

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 630-637.
[2] 82 Am jur 2d, Workmen's Compensation § 400.

*Goodman, Eden, Millender & Bedrosian* (by *Morton A. Eden*), for plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell*), for defendant.

Before: J. H. Gillis, P.J., and Brennan and A. C. Miller,* JJ.

A. C. Miller, J. Defendant, Roadway Express, Inc., appeals an August 8, 1979, order of the Worker's Compensation Appeal Board affirming an administrative law judge's decision to award total disability compensation to plaintiff, Alfred J. De-Mars despite a Federal District Court conviction of receiving and concealing goods stolen from defendant. We affirm.

Plaintiff became disabled as a result of a series of 11 injuries he sustained to his back and knee while he was employed by Roadway between 1970 and 1975. May 27, 1975, was the date of his last work-connected injury and he has not worked since that date. Roadway voluntarily paid benefits following this injury until learning of the August 9, 1975, felony conviction. He was then discharged and the payment of benefits was terminated.

Plaintiff filed a petition for a hearing and was awarded disability compensation at the rate of $112 per week. The judge stated:

"[P]laintiff's job loss due to a criminal conviction has no effect herein since it appears that the disability both preceded and anteceded *[sic]* the conviction."

A unanimous appeal board affirmed, agreeing that plaintiff was not disqualified from benefits because

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of his conviction. Defendant appeals by leave granted.

This Court is charged with the responsibility of reviewing questions of law involved in any final order of the Worker's Compensation Appeal Board. *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978). It is not claimed that a conviction unrelated to his employer would bar recovery of benefits. This was resolved in *Sims v R D Brooks, Inc,* 389 Mich 91; 204 NW2d 139 (1973), where claimant was convicted of rape while out on bond pending appeal before taking employment with defendant. He was injured at work. His subsequent prison term made it impossible for him to be available for work. However, plaintiff was not disqualified from benefits:

"Defendants initially argue that plaintiff's incarceration subsequent to his injury terminates the obligation to pay compensation. This is not correct for plaintiff was found to be totally disabled. Under the Workmen's Compensation Act it is loss of wage earning *capacity*— not actual loss of wages—which is compensable. The award of compensation, based as it was on a finding of total disability, is not affected by plaintiff's later imprisonment." *Sims, supra,* 93.

Defendant claims that where the victim of the crime is the employer the right to benefits ceases, relying upon *Todd v Hudson Motor Car Co,* 328 Mich 283; 43 NW2d 854 (1950), and *Garrett v Chrysler Corp,* 337 Mich 192; 59 NW2d 259 (1953). In *Todd,* claimant was back at favored work after his injury, but was discharged for gambling. In *Garrett,* claimant was also back at favored work and was discharged for habitual drunkenness which resulted in excessive absenteeism. The *cause* for the loss of employment was the claimant's

conduct in both cases. In *Todd,* the Court relied on *Pigue v General Motors Corp,* 317 Mich 311; 26 NW2d 900 (1947), where an employee on favored work went on strike and was held not entitled to compensation. In *Todd,* the Court said at 289:

"In the case at bar, lighter work at earnings equal to or greater than received at the date of injury was made available to plaintiff. It was not through physical inability to perform the work, arbitrary caprice of the employer, or some ordinary cause for dismissal that this employment was terminated. Plaintiff was discharged for gambling activities forbidden by law, which were in no wise in furtherance of the duties of his employment."

In *Garrett, supra,* the *Todd* doctrine was extended beyond criminal activity wherein the employer was the "victim". *Garrett* made it clear that the basis of the disqualification was not so much the criminality against the employer as the *cause* for the loss of employment.

"The commission distinguished the instant case from the *Todd Case* because Todd was engaged in criminal activity *(i.e.,* gambling) in the plant." *Garrett, supra,* 194.

But the Supreme Court reversed the commission's grant of compensation, ruling:

"We consider that the instant case falls within the reasoning in the *Todd Case.* Plaintiff Garrett was being furnished with suitable employment at no wage loss. His voluntary drunkenness was the reason for his discharge, and not his physical condition * * *" *Id.*

In the present case, the plaintiff was not working, but rather was receiving compensation at the

time of the conviction. There is testimony that he was capable of sedentary work and that he was performing wood work at the State Rehabilitation Center, but these factors are not material to the issue any more than whether he was offered favored work. The reason he was not working was his compensable injury.

Despite the fact that the board erroneously relied upon the fact that favored work had not been offered, it achieved the correct result. It may be that the board was bidding for some legislative relief in this and other similar situations, but such is not the province of the board or the judicial branch.

Affirmed.