PORTER v FORD MOTOR COMPANY

Docket No. 50835. Submitted June 24, 1981, at Detroit.—Decided September 22, 1981.

James Porter applied for workers' compensation benefits after being fired by the Ford Motor Company following his return to work on favored-work status as a result of a previous injury. An administrative law judge awarded benefits to the plaintiff and the Workers' Compensation Appeal Board affirmed the referee's decision, holding that while the plaintiff's actions on the job were sufficient cause for discharge they were insufficient to bar receipt of benefits. The defendant appeals by leave granted. *Held:*

The board incorrectly stated the standard to be applied to determine the plaintiff's eligibility for benefits under the circumstances of the case. The case is remanded to the board to determine whether the plaintiff was unable to perform the favored work due to the residuals of his injury or was fired in connection with his disability. If so, he is entitled to benefits. If not, and it is determined that the plaintiff was fired because of an infraction of company rules which normally would result in discharge, benefits properly may be denied.

Reversed and remanded.

WORKERS' COMPENSATION — FAVORED WORK — DISCHARGE — DENIAL OF BENEFITS.

A disabled employee who is assigned favored work and who quits or is discharged from his employment may be entitled to further workers' compensation benefits where it is determined that the employee's resignation or discharge is related to his inability to perform the work assigned or that the discharge is based on a violation of company rules caused by the disability; however, where an employee is discharged for just cause, denial of benefits is proper.

*Goodman, Eden, Millender & Bedrosian* (by *Roderick V. MacNeal),* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
[1] 82 Am Jur 2d, Workmen's Compensation §§ 591, 600.

*Carl G. Meyers,* Assistant Corporate Counsel *(Hayim I. Gross,* of counsel), for defendant on appeal.

Before: J. H. GILLIS, P.J., and BASHARA and K. N. SANBORN,* JJ.

PER CURIAM. Defendant appeals a Workers' Compensation Appeal Board determination awarding plaintiff workers' disability compensation benefits.

On July 29, 1972, plaintiff was injured while operating a crane for defendant, Ford Motor Company. Defendant paid disability benefits to plaintiff until 1974, at which time plaintiff returned to defendant's employ performing favored work. Plaintiff remained employed intermittently with periods of disability until August 25, 1975, at which time he was fired. Defendant contended at the hearing that plaintiff repeatedly had broken company rules and had threatened a supervisor on the date of his termination. Plaintiff contended that he was unable to perform the work and was being harassed by supervision.

In its opinion affirming the referee's award of benefits, the appeal board found the record to be compelling regarding the conclusion that plaintiff could not perform the favored work due to the residuals of his injury. It further found support in the record for plaintiff's assertion that his supervisor was trying to find reasons to fire him. The board then concluded that plaintiff's behavior was sufficient cause to fire him under the union contract but was not enough to bar him from receiving disability benefits. The board ruled that in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

order for plaintiff's behavior to bar benefits it must amount to an act of "moral turpitude".

On appeal, defendant claims that the appeal board used the wrong standard in determining that plaintiff was entitled to benefits. Defendant asserts that the board's finding of just cause for plaintiff's termination barred the award. On the other hand, plaintiff asserts that the board was correct in holding that the plaintiff did not commit an "act of moral turpitude" so that his discharge does not prevent recovery of benefits. Alternatively, plaintiff asserts that plaintiff's inability to perform the favored work renders irrelevant the question of why plaintiff was terminated.

A review of Michigan cases dealing with this issue reveals that the board incorrectly stated the applicable standard. The Supreme Court first considered a similar issue in *Todd v Hudson Motor Car Co*, 328 Mich 283; 43 NW2d 854 (1950). In that case, the Court held that a partially disabled employee who was discharged from favored work because of criminal gambling activities while at work was not entitled to compensation benefits since his favored employment "ceased through his own volition and turpitude and not by reason of his accidental injury". *Id.,* 289.

In *Garrett v Chrysler Corp*, 337 Mich 192; 59 NW2d 259 (1953), the *Todd* doctrine was extended beyond criminal activity to a situation where the employee, who was also back at favored work, was discharged for habitual drunkenness. In *Garrett,* the Court held:

"We consider that the instant case falls within the reasoning in the *Todd Case.* Plaintiff Garrett was being furnished with suitable employment at no wage loss. His voluntary drunkenness was the reason for his discharge, and not his physical condition resulting from

his injuries. His several voluntary acts of drunkenness, indicating and caused by his moral turpitude, decreasing his efficiency as an employee, detrimental to the morale of his fellow employees and subversive of the employment, were the efficient cause of the termination of his employment." *Id.*, 194.

See, also, *DeMars v Roadway Express, Inc,* 99 Mich App 842, 844; 298 NW2d 645 (1980).

In *Scott v Kalamazoo College,* 77 Mich App 194; 258 NW2d 191 (1977), this Court reversed an appeal board's ruling which interpreted *Todd* and *Garrett* as requiring that an employee's discharge be based on an act of "moral turpitude" in order for an employer to refuse to pay benefits following the discharge. This Court held that "[n]either *Todd* * * * nor *Garrett* * * * is so restrictive", and set forth the following standard:

"Whether a disabled employee on favored work, who quits or is discharged, is entitled to further benefits is a question of fact in each case. The questions being, did he quit or was he discharged for any reason connected with his disability, or was he unable to find employment at equal pay for any reason connected with his disability? Was the discharge for just cause?" *Id.*, 196.

The *Scott* standard stands as the most recent and direct pronouncement of this Court concerning the issue in the case at bar.[1]

We agree with the standard established in *Scott.* Furthermore, where there is a question as to whether plaintiff could perform the favored work, *Scott* established a two-step analysis. First, was plaintiff able to perform the favored work? If not,

---

[1] In *Tury v General Motors Corp,* 80 Mich App 379; 264 NW2d 2 (1978), another panel of this Court mentioned the issue and referred to the *Scott* case, but specifically declined to express an opinion on the *Scott* holding.

the plaintiff is entitled to receive disability benefits. If plaintiff was able to perform the work, the next question is whether plaintiff was fired for any reason connected with his disability or whether he was fired for just cause. If defendant can show that plaintiff was fired for violation of company rules which would normally result in termination of a nondisabled employee, and that the violation was not caused by plaintiff's disability, then benefits may properly be denied.

By establishing the second prong of this test, both parties are protected. The employee is guarded against termination or harassment leading to voluntary termination as a pretext to denial of benefits. The employer is insulated against unacceptable behavior which normally would result in termination of other employees. A disabled employee who can perform the favored work, yet violates company rules to the extent that discharge is justified, in actuality is refusing to perform the favored work and thus creating a bar to compensation. See *Lynch v Briggs Manufacturing Co,* 329 Mich 168; 45 NW2d 20 (1950).

In this case, the reason that the appeal board awarded plaintiff benefits is not entirely clear. On remand, the board is directed to follow the standard set forth above. If plaintiff was unable, due to the residuals of his injury, to perform the favored work, the inquiry is ended and plaintiff is entitled to benefits. Similarly, if plaintiff was fired for any reason connected with his disability, he is also entitled to benefits. However, if the board determines that plaintiff could perform the favored work and was not fired for any reason connected with his disability and that plaintiff broke company rules which normally would result in termination of an employee, then plaintiff shall be

denied benefits. The board may, in its discretion, take additional evidence or rely upon the present record.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.