924 P.2d 982 (1996)
In the Matter of the WORKER'S COMPENSATION CLAIM OF Kirk B. JACOBS, An Employee of Medicine Bow Ski Area.
STATE of Wyoming, ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellant (Respondent),
v.
Kirk B. JACOBS, Appellee (Employee-Claimant).
In the Matter of the WORKER'S COMPENSATION CLAIM OF Kirk B. JACOBS, An Employee of Medicine Bow Ski Area.
Kirk B. JACOBS, Appellant (Employee-Claimant),
v.
STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent).
Nos. 95-229, 95-237.
Supreme Court of Wyoming.
October 7, 1996.
Rehearing Denied November 12, 1996.
William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Jennifer A. Evans, Assistant *983 Attorney General, Cheyenne, for State ex rel. Wyoming Workers' Compensation Division.
George Santini, Cheyenne, for Kirk B. Jacobs.
Before TAYLOR, C.J., THOMAS, MACY and LEHMAN, JJ., and BRACKLEY, District Judge.
TAYLOR, Chief Justice.
The Wyoming Workers' Compensation Division appeals a hearing examiner's award of home health care to an injured worker. The worker cross appeals, asking that a rate of compensation be set for his home health care. Holding that the award of non-professional health care by the hearing examiner exceeds his authority in the absence of a mutual agreement between the employee, employer and the director of the Workers' Compensation Division, we reverse.

I. ISSUES
Appellant, State ex rel. Wyoming Workers' Compensation Division (Division), states the following issues in Case No. 95-229:
A. Whether a decision of the Wyoming Workers' Compensation Division to allow or disallow home nursing services is subject to judicial review.
B. Whether the Office of Administrative Hearings['] order awarding Claimant five hours of daily non-professional home nursing services is arbitrary, capricious, and unsupported by the record.
The injured appellee, Kirk Jacobs (Jacobs), articulates the following issues in Case No. 95-229:
1. Did the Office of Administrative Hearings have authority to enter an award for non-professional home health care services?
2. Is there substantial evidence to support the Hearing Examiner's award of five (5) hours per day for non-professional health care services?
In Case No. 95-237, his cross appeal, Jacobs states a single issue:
Did the Hearing Officer [err by] not establishing an hourly rate for payment of home health care services provided by Appellant's wife?
The Division identifies much the same issue in Case No. 95-237:
Whether this matter should be remanded to the Office of Administrative Hearings for a determination of the hourly rate to be paid for home health care services provided by Claimant's wife?

II. FACTS
In September of 1982, Jacobs suffered a work-related injury to his right little toe. In February of 1983, Jacobs experienced an allergic reaction to an antibiotic used to treat an infection which had developed in his right foot. The reaction manifested itself as colitis and nerve damage which left Jacobs with severe chronic pain and an intermittent inability to accomplish the activities of daily life without assistance.
Jacobs received a seventy-eight percent permanent partial disability award in 1990, and still requires high doses of morphine for reported pain. Approximately $400,000.00 in worker's compensation benefits have thus far been awarded to Jacobs, who continues to receive approximately $3,000.00 per month for morphine alone.
A request from Jacobs that his wife be compensated for twenty-four hour daily non-professional home nursing services was denied by the Division. In the alternative, the Division offered scheduled visits from a home health aid and a registered nurse, as well as five day-a-week meal preparation by a home-maker and a beeper system allowing the nurse to be on call twenty-four hours a day. A hearing examiner for the Office of Administrative Hearings awarded Jacobs five hours daily non-professional home health care, retroactive to May 1990, and the Division appeals the district court's order affirming that award. On cross-appeal, Jacobs requests limited remand for purposes of setting an hourly pay rate for his wife.

III. STANDARD OF REVIEW
A court reviewing administrative action is mandated, by Wyo. Stat. § 16-3-114(c)(ii)(A) *984 (1990), to hold unlawful and set aside agency action, findings and conclusions found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. When appeal has first been taken to the district court, we afford no particular deference to that court's conclusions, reviewing the case as though it had come directly to us from the administrative agency. Wyoming Steel & Fab, Inc. v. Robles, 882 P.2d 873, 875 (Wyo.1994).

IV. DISCUSSION
Jacobs bears the burden of proving, by a preponderance of the evidence, all essential elements of his claim. Hepp v. State ex rel. Wyoming Workers' Compensation Div., 881 P.2d 1076, 1078 (Wyo.1994) (quoting Gilstrap v. State ex rel. Wyoming Workers' Compensation Div., 875 P.2d 1272, 1273 (Wyo.1994)). The claim, including the nature and amount of benefits, is governed by laws in effect at the time of the injury. State ex rel. Wyoming Workers' Compensation Div. v. Rivera, 796 P.2d 447, 449 n. 3 (Wyo.1990) (quoting Shapiro v. State ex rel. Wyoming Workers' Compensation Div., 703 P.2d 1079, 1081-82 (Wyo.1985)).
At the time of Jacobs' injury, Wyo. Stat. § 27-12-401 (1983) provided, in pertinent part:
(a) The expense of medical attention and hospital care of an injured employee shall be paid from the date of the compensable injury * * *.
* * * * * *
(c) Hospital care includes private nursing when necessary, and in case of mutual agreement between the employer, the employee and the director, the court may allow home nursing.
In the absence of a "mutual agreement between the employer, the employee and the director [of the Division] * * *," there is no statutory authority upon which to predicate an award of home nursing services to an individual injured in late 1982. Wyo. Stat. § 27-12-401(c). Therefore, a necessary element of Jacobs' case is demonstration of such a mutual agreement. Jacobs failed to prove that any mutual agreement had been reached, leaving the hearing examiner without authority to make the contested award.
The rule that worker's compensation laws should be construed liberally in favor of injured workers does not afford this court license to expand the benefits available beyond those prescribed by the state legislature. Mor, Inc. v. Haverlock, 566 P.2d 219, 222 (Wyo.1977). We hold that the award of non-professional home health care to Jacobs by the hearing examiner exceeded the bounds of the hearing examiner's authority.

V. CONCLUSION
The hearing examiner's award of non-professional home health care benefits to Jacobs is reversed. The cross appeal is thereby rendered moot and is dismissed.
BRACKLEY, District Judge, files a dissenting opinion.
BRACKLEY, District Judge, dissenting.
I respectfully dissent. Many Wyoming cases now authorize home nursing. The statute requiring "mutual agreement between the employer, the employee and the director" before awarding home nursing benefits allows unilateral denial without providing this court with a record to review.
Here, the hearing officer made specific findings and recommended home nursing. It appears the worker has proved all essential elements of his claim. The Division does not argue merits, it merely refuses to "agree." We have no record to judge if the Division is acting arbitrarily or is abusing its discretion regarding this worker.
Liberally construing the law in favor of an injured worker should require the Division to identify facts distinguishing this case from those where they have agreed to home nursing benefits. I would affirm the award absent such a showing.