In the Matter of the Worker's
Compensation Claim of:

Vince APODACA, Appellant (Petitioner),

v.

STATE of Wyoming, ex rel., WYOMING
WORKERS' SAFETY AND COMPEN-
SATION DIVISION, Appellee (Respon-
dent).

In the Matter of the Worker's
Compensation Claim of
Vince Apodaca:

State of Wyoming, ex rel., Wyoming Work-
ers' Compensation Division, Appellant
(Petitioner/Objector-Defendant),

v.

Vince Apodaca, Appellee
(Respondent/Employee-
Claimant).

Nos. 97–148, 97–158.

Supreme Court of Wyoming.

April 14, 1999.

Scott E. Kolpitcke of Cook and Associates,
P.C., Laramie, WY. Argument by Mr. Kol-
pitcke, for Vince Apodaca.

William U. Hill, Attorney General; Gerald
W. Laska, Senior Assistant Attorney Gener-
al; and Bernard P. Haggerty, Assistant At-
torney General. Argument by Mr. Hagger-
ty, for State, ex rel. Worker's Compensation
Division.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,*JJ.

LEHMAN, Chief Justice.

A hearing examiner granted Vince Apodaca's worker's compensation claim for loss of earnings benefits. The Worker's Compensation Division (Division) filed a petition for review, and the district court certified the case pursuant to W.R.A.P. 12.09(b). The Division complains that Apodaca is not entitled to loss of earnings benefits because he is unable to work, not as a result of his back injury, but as a result of his incarceration in the state penitentiary. In a related matter, the hearing examiner stayed payment of Apodaca's award, without interest, pending the Division's appeal. Apodaca claims his loss of earnings award should be accruing interest pending the Division's appeal.

We reverse and remand the loss of earnings award. This ruling renders Apodaca's interest claim moot.

### ISSUES

Petitioner, Division, presents one issue for review in Case No. 97–158:

A. Apodaca's incarceration prevents his return to work, and he has not searched for work outside prison. Was a loss of earnings award contrary to law and unsupported by substantial evidence?

The injured respondent, Apodaca, rephrases the issue as:

I. The Office of Administrative Hearings' decision was not contrary to law or an abuse of discretion.

II. The Office of Administrative Hearings' decision was supported by substantial evidence.

In consolidated Case No. 97–148, Apodaca challenges:

I. Whether the OAH acted arbitrarily and capriciously by failing to order post judgment interest during the pendency of the appeal?

The Division iterates:

A. The Hearing Examiner stayed Apodaca's award pending appeal and denied his

request for post-judgment interest. Did the Hearing Examiner lack authority to award post-judgment interest?

### FACTS

This appeal chronicles Vince Apodaca's latest journey through the Wyoming legal system. Apodaca injured his back at a construction site in November 1988, while on parole from a sentence for second degree murder. *See Apodaca v. State,* 571 P.2d 603 (Wyo.1977). As a result of his injury, Apodaca received temporary total disability benefits along with medical benefits. While still on parole, Apodaca committed another offense and is currently incarcerated in the state penitentiary. *See Apodaca v. State,* 796 P.2d 806 (Wyo.1990).

Apodaca's back injury proved difficult to diagnose and treat, until Apodaca underwent back surgery in May of 1994. *See Apodaca v. Ommen,* 807 P.2d 939 (Wyo. 1991). Some time later, the Division concluded that Apodaca had obtained maximum medical improvement and terminated his temporary total disability benefits. The Division determined that Apodaca had a 10.5 percent whole body permanent partial disability rating and issued the appropriate benefit award. Apodaca accepted the award and has been paid those benefits.

In an attempt to qualify for lost earnings benefits, Apodaca requested a vocational evaluation. Upon completion of this evaluation, the Division issued a Final Determination which denied benefits. The Division gave the following reasons for denying the benefits:

The vocational evaluation indicates that you do have a vocational loss.

The division will not make an offer at this time.

When you are released from prison and are able to actively seek employment the division will arrange for another vocational evaluation to determine if your employment situation and vocational loss remain the same.

November 2, 1998.

---

* Chief Justice at time of oral argument; retired

Apodaca objected to the Division's determination, and a hearing was held by the Office of Administrative Hearings (OAH). Although Apodaca testified he is eligible for parole in 1998, he admitted that he really has no idea when he will be released. In addition, uncertainty exists concerning his release due to the consecutive nature of his sentences. *See Apodaca v. State*, 891 P.2d 83 (Wyo.1995). In prison, Apodaca is employed as a light duty janitor and earns $95.00 per month. He also operates a fly tying business from the penitentiary, which has garnered him $200, $250, $75, and $50 in various months. Some of this money is used to pay other prisoners to tie flies.

The vocational evaluation indicated that jobs of the type Apodaca could perform were available in Laramie and Cheyenne at an average hourly rate of $5.53 per hour. At the time of his injury, Apodaca was earning $8.09 per hour. Relying on the vocational evaluation, the hearing examiner determined that Apodaca had a $2.56 per hour loss in earnings. After offsetting the earlier physical impairment award, the examiner granted Apodaca a 21 percent loss of earnings award.

The Division moved to stay payment of Apodaca's award pending appeal. During a hearing on this motion, Apodaca requested that the award be placed in an interest bearing account or that the award be adjusted to reflect interest. The hearing examiner granted the Division's motion to stay payment of the award and denied Apodaca's request for interest, finding that a hearing examiner "does not have the authority to impose such a condition."

The Division filed a petition for review with the district court, and the district court certified the case to this court pursuant to W.R.A.P. 12.09(b). Apodaca appeals the denial of interest on his award pending appeal.

### STANDARD OF REVIEW

Wyoming Rule of Appellate Procedure 12.09(a) provides that judicial review of administrative decisions is limited to a determi-

nation of the matters which are specified in Wyo. Stat. Ann. § 16–3–114(c) (Michie 1997), which mandates that the reviewing court shall:

> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> > (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
> >
> > * * *
> >
> > (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

We afford respect and deference to a hearing examiner's findings of fact if they are supported by substantial evidence. *Haagensen v. State ex rel. Workers' Compensation Div.*, 949 P.2d 865, 867 (Wyo.1997). "Substantial evidence" is a term of art, best described as relevant evidence that a reasonable mind can accept as adequate to support an agency's conclusion. *Id.* Unlike its findings of fact, however, an administrative agency's conclusions of law are afforded no special deference and will be affirmed only if truly in accord with the law. *Id.*

### DISCUSSION

The question of whether a worker incarcerated subsequent to his compensable injury can claim loss of earnings benefits is an issue of first impression for this court.[1] Apodaca bears the burden of proving, by a preponderance of the evidence, all essential elements of his claim. *Matter of Workers' Compensation Claim of Jacobs*, 924 P.2d 982, 984 (Wyo.1996). Apodaca's claim, including the nature and amount of benefits, is governed by laws in effect at the time of his injury. *Id.* At the time of Apodaca's injury, Wyo. Stat. Ann. § 27–14–405 (Michie June 1987 Repl.), the source for an award for loss of earning capacity, provided in pertinent part:

---

1. In *Worker's Compensation Claim of Taylor v. State ex rel. Workers' Compensation Div.*, 890 P.2d 559 (Wyo.1995), an Honor Farm inmate was awarded loss of earnings benefits. The in- mate appealed his award, claiming he was entitled to greater loss of earnings benefits. The Division did not appeal the award. Thus, this issue has not been examined by this court.

(b) For any permanent partial disability described in this section, the employee shall receive for the number of months indicated a monthly payment as provided by W.S. 27–14–403(c), less any previous awards for the same body part:

* * *

(xvi) Any other injury resulting in permanent and complete loss of use and not enumerated in this subsection shall be rated as an impairment of the body as a whole. One (1) factor to be considered is the ability of the employee to continue to perform work for which he was reasonably suited by experience or training prior to the injury.

In order to recover a loss of earnings award, Apodaca must prove: (1) the extent of the injury; (2) the disability or loss of earning power; and (3) that he is entitled to the award sought. *Bohren v. State ex rel. Worker's Compensation Div.*, 883 P.2d 355, 358 (Wyo.1994).

Apodaca relies heavily on *Matter of Injury to Spera*, 713 P.2d 1155 (Wyo.1986). In that case, the district court suspended Spera's temporary total disability (TTD) benefit payments for the period of his stay in county jail. On appeal, this court reversed the district court's suspension of benefits, holding that "temporary total disability payments may not be suspended under our statute simply because the worker is incarcerated." 713 P.2d at 1158. However, *Spera* does not speak to the issue of loss of earnings benefits and is, thus, not controlling.

The receipt of TTD benefits in Spera's case and loss of earnings benefits in Apodaca's case are inapposite. In *Baskerville v. Saunders Oil Co., Inc.*, 1 Va.App. 188, 336 S.E.2d 512 (1985), the Court of Appeals of Virginia upheld a hearing commissioner's decision that a worker who had suffered a temporary partial incapacity and was capable of selective employment was not entitled to loss of earnings benefits while incarcerated. In upholding the commissioner's decision, the Virginia court limited its decision to partial disability cases. The court wrote:

Common sense and logic demand a similar result. An employee is compensated for loss of earning power, which is not necessarily proportional to bodily functional disability. *Foust Coal Co. v. Messer*, 195 Va. 762, 766, 80 S.E.2d 533, 535 (1954). Loss of earning power due to temporary or permanent *total disability* would not be affected by incarceration. Rather total disability is affected solely by bodily disability. In the case of temporary *partial disability*, however, incarceration would be the controlling factor in preventing the employee from participating in selective employment or rehabilitative services. Loss of earning power would not, therefore, necessarily derive from any physical disability.

We hold that, in the case of temporary *partial* incapacity, when a claimant's incarceration for a criminal act rather than his physical incapacity causes the claimant's loss of earning power, the employer is relieved from paying benefits during the period of incarceration.

*Id.* at 514–15 (emphasis in original). *See also R.E. Dailey Co. v. Dorman*, 509 So.2d 377 (Fla.App.1987) (incarcerated claimant not entitled to wage loss benefits; no showing that loss of income was caused by industrial accident).

We find the reasoning of the Virginia court persuasive. By their nature, TTD benefits provide income for an employee during the time of healing from his injury and until his condition has stabilized. *State ex rel. Workers' Compensation Div. v. Ohnstad*, 802 P.2d 865, 867 (Wyo.1990); *Pacific Power & Light v. Parsons*, 692 P.2d 226, 228 (Wyo.1984). Under Wyo. Stat. Ann. § 27–14–102(xviii) (Michie June 1987 Repl.), "Temporary Total Disability" means that period of time an employee is temporarily and totally incapacitated from performing employment at any gainful employment. Thus, TTD benefits were appropriate in *Spera* because a worker receiving TTD benefits is considered unable to work regardless of his criminal actions. *See also DeMars v. Roadway Express, Inc.*, 99 Mich.App. 842, 298 N.W.2d 645 (1980). Loss of earnings benefits, on the other hand, are premised on the worker's ability, at some level of functioning, to work.

**60**

To find that Apodaca's inability to work is caused by his back injury would ignore the basis upon which a loss of earnings award is premised—the ability to work at some reduced capacity. The evidence shows that Apodaca can work at a reduced capacity. Indeed, Apodaca performs light duty janitorial work in prison. However, the reality of Apodaca's situation is that his incarceration prevents him from accepting employment outside prison walls. Thus, even if one of the employers mentioned in the vocational evaluation wished to hire Apodaca, he would not be able to accept and earn that wage because of his incarceration.

Apodaca correctly asserts that the partial disability statute, as it existed at the time of his injury, does not require a work search. *Cf.* Wyo. Stat. Ann. § 27–14–405(h)(iii) (Michie 1997) (amended statute requires employee to actively search for suitable work). However, it is one thing to require an injured worker to actively seek employment and quite another to have the actual ability to do the work available. Because Apodaca is unable to do the work available due to his incarceration, he is not entitled to payment of loss of earnings benefits.

Because Apodaca is not entitled to loss of earnings benefits, we need not consider Apodaca's claim that the hearing examiner erred by refusing to award interest pending this appeal. *See Matter of Workers' Compensation Claim of Jacobs*, 924 P.2d 982, 984 (Wyo.1996) (reversing award and dismissing as moot cross-appeal seeking increased award).

### CONCLUSION

Loss of earnings benefits is premised on the ability of the claimant to work at a reduced level of functioning. Apodaca is unable to join the work force due to his incarceration; therefore, the hearing examiner's award of benefits is not supported by substantial evidence and is, thus, not in accordance with the law.

The order awarding benefits is reversed and remanded.