### COON v RYCENGA HOMES

Docket No. 75419. Submitted December 12, 1984, at Grand Rapids.—
Decided October 8, 1985. Leave to appeal denied, 424 Mich —.

Patrick J. Coon was injured during the course of his employment
with Rycenga Homes and was thereafter given part-time light
work, with partial compensation being paid by Rycenga Homes
to make up the difference between his earnings from his former
job and the earnings from the part-time favored work. When a
medical report indicated that Coon was able to work full time,
Rycenga Homes terminated Coon's partial compensation bene-
fits. Coon continued in the favored work on a part-time basis
for a period of time and filed a claim for partial workers'
disability compensation benefits; however, Coon thereafter
failed to come to work. Coon asserted that he informed Ry-
cenga that he was unable to work because of his disability,
while Rycenga asserted that Coon simply never returned to
work and that he had never informed Rycenga of his reason for
failing to return to work. Rycenga sent Coon a notice of
voluntary termination. The workers' disability compensation
hearing officer held that Coon had voluntarily terminated his
employment and that Rycenga Homes and its insurer, Sentry
Insurance Company, were thereby relieved of any duty to pay
workers' disability compensation benefits. Coon appealed to the
Workers' Compensation Appeal Board, which affirmed the deci-
sion of the hearing officer. Coon appealed by leave granted.
*Held:*

1. Since there were no allegations of fraud, the findings of
fact by the appeal board are not subject to judicial review.

2. It was found that Coon had been given favored work, that

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Workmen's Compensation §§ 565-569.
See the annotations in the ALR3d/4th Quick Index under Workers'
Compensation.

[2] Am Jur 2d, Workmen's Compensation § 340
See the annotations in the ALR3d/4th Quick Index under Workers'
Compensation.

[3] Am Jur 2d, Workmen's Compensation §§ 630-637.
Right of Director of Office of Workers' Compensation Programs to
intervene in proceedings to review decision of Benefits Review
Board. 48 ALR Fed 839.

he was able to perform that work and that he had voluntarily quit. Accordingly, the hearing examiner and appeal board properly held that Coon was not entitled to compensation benefits.

3. The voluntary quitting of his employment while he was assigned to favored work which he was able to perform disqualified Coon from any and all workers' disability compensation benefits even though he had been working at that favored work on a part-time basis.

4. The issue regarding the alleged failure of the employer to provide statutorily required rehabilitation is not properly raised on appeal, since it was not raised below.

Affirmed.

1. WORKERS' COMPENSATION — FINDINGS OF FACT — APPEAL.

Findings of fact by the Workers' Compensation Appeal Board are not subject to judicial review in the absence of fraud.

2. WORKERS' COMPENSATION — FAVORED WORK — DISCHARGE FROM EMPLOYMENT.

A disabled employee who has been given favored work and who quits or is fired is not entitled to any workers' disability compensation benefits if the employee was able to perform the favored work and the employee either voluntarily quit or was fired for good cause.

3. WORKERS' COMPENSATION — APPEAL — PRESERVING QUESTION.

Questions not raised before the Workers' Compensation Appeal Board will not be considered on appeal.

*Marcus, Vander Ploeg, Ruck, Mullally & Wells* (by *David M. Wells*), for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for defendants.

Before: R. M. MAHER, P.J., and R. B. BURNS and R. ROBINSON,* JJ.

PER CURIAM. Plaintiff appeals by leave granted from a decision of the Workers' Compensation

* Former circuit judge, sitting on the Court of Appeals by assignment.

Appeal Board affirming a hearing officer's decision to deny compensation benefits.

Plaintiff was employed by defendant Rycenga Homes as a laborer running a truss saw when, in January, 1979, and July, 1979, he was struck in the back by loads of wood. From approximately July, 1979, through December 13, 1979, plaintiff was placed on light work in the cornice department, where he worked part-time, stopping when his back became sore. From July, 1979, through October, 1979, plaintiff was paid partial compensation by Rycenga Homes to make up the difference between his earnings at the truss saw and his earnings in the cornice department.

In October, 1979, plaintiff was examined by a physician and was found able to work full time. Rycenga Homes thereupon terminated plaintiff's partial compensation benefits. Plaintiff testified that he found that he could no longer afford to work part-time, pay for his medical treatment, and continue to drive to work. He therefore applied for "partial unemployment compensation" with the Michigan Employment Security Commission. The parties disputed whether or not plaintiff called his employer to report that he would not be in to work because of back trouble. Subsequently, on January 22, 1980, Rycenga Homes sent plaintiff a notice of voluntary termination. After a hearing, the hearing officer found that plaintiff had sustained a work related injury but denied compensation benefits because plaintiff had voluntarily quit for reasons unrelated to any disability. The WCAB affirmed this decision.

On appeal, plaintiff first argues that his employer did not make a good faith offer of favored work to plaintiff. We affirm the WCAB's ruling. After plaintiff was injured while working at the truss saw, he was first placed on lighter work

cleaning up sawdust and was later given lighter work in the cornice department where he was only required to work as much as he was able. Plaintiff testified that he was able to do this work (which he did perform for four and a half months) and that he would be willing to go back to it again.

Plaintiff next contests the finding that he unreasonably refused his employer's good faith offer of favored work. However, in the absence of fraud (which is not alleged here), the findings of fact of the WCAB are not subject to appellate review. *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978). In this case, the WCAB and hearing officer found the testimony of the employer more credible in regard to whether or not plaintiff called in to work on the mornings when he was unable to work due to back pain. In addition, since plaintiff testified that he applied for "partial unemployment compensation", it was logical for his employer to interpret this action as a voluntary leaving of its employ.

Plaintiff also contests the WCAB's conclusions that plaintiff was not discharged for reasons related to his disability, but rather for just cause. The question of whether a disabled employee performing favored work who quits or is discharged is entitled to further compensation benefits is one of fact in each case. The inquiry requires a two-step analysis: (1) Was the employee able to perform the favored work? If not the employee is then entitled to receive compensation benefits. (2) If the employee was able to perform the favored work, the inquiry is whether the employee was fired for any reason connected with his disability or whether the employee was fired for just cause. *Porter v Ford Motor Co,* 109 Mich App 728; 311 NW2d 458 (1981). Just cause has been defined as including only voluntary acts of the employee. *Calvert v*

*General Motors Corp,* 120 Mich App 635; 327 NW2d 542 (1982), *lv den* 417 Mich 1033 (1983). An unjustified refusal to perform favored work results in a loss of compensation benefits during the time of refusal. *Steward v Westran Corp,* 130 Mich App 68; 343 NW2d 7 (1983). In this case, the WCAB found as a fact that plaintiff was able to perform the favored work. This was supported by plaintiff's own testimony. The WCAB also found that plaintiff voluntarily left his employment. The evidence again supported this finding. Furthermore, even if plaintiff had not voluntarily terminated his employment, there was evidence (testimony by Rycenga Home's plant manager that plaintiff did not call in to work to notify his employer that he would be absent) that his termination was for just cause.

Plaintiff next argues that, even if he was discharged from his part-time favored employment for just cause, the WCAB erred by terminating all of his compensation benefits. Instead, according to plaintiff, he should only forfeit the part of his benefits equal to his earnings in the cornice department and should still be entitled to receive the partial compensation benefits that were designed to compensate him for the difference between his earnings in the cornice department and those from his truss saw work. However, in *Porter v Ford Motor Co, supra,* and *Scott v Kalamazoo College,* 77 Mich App 194; 258 NW2d 191 (1977), this Court implicitly held that termination for just cause constitutes grounds for terminating all benefits. While both cases apparently involved full-time employment, we can find no logical reason for differentiating between situations involving full- and part-time employment. The judicial doctrine of favored work was designed to allow the employer to reduce or eliminate compensation payments to

an injured employee by providing work within that employee's physical capacity, while at the same time encouraging the employee to return to work. *Bower v Whitehall Leather Co,* 412 Mich 172; 312 NW2d 640 (1981). As a general rule, an employee who refuses to do favored work within his capacity or is discharged from performing favored work for just cause is not entitled to receive workers' compensation benefits. *Bower, supra.* In this case, as found by the WCAB, plaintiff voluntarily left favored work within his capabilities and so denied his employer the opportunity to reduce its payments. Plaintiff also denied himself the opportunity offered for rehabilitation. We find that plaintiff has forfeited his entitlement to all workers' compensation benefits.

Plaintiff's final claim on appeal is that his employer's offer of favored work failed to comply with the statutory requirements for rehabilitation provided by MCL 418.319; MSA 17.237(319). Plaintiff did not raise this issue before the WCAB, and this Court will not consider the issue on appeal. *Cotton v Campbell, Wyant & Cannon Foundry,* 57 Mich App 52; 225 NW2d 187 (1974).

Affirmed.