SHARRAR v SEARS, ROEBUCK & COMPANY

Docket No. 68925. Submitted January 5, 1984, at Detroit. Decided April 16, 1986.

The Workers' Compensation Appeal Board, in its review of the claim of Elizabeth Sharrar for workers' disability compensation benefits, determined that she had suffered a compensable disability entitling her to continuing benefits as a result of a fall during the course of her employment with Sears, Roebuck & Company. Sears appealed by leave granted, arguing that the appeal board erred in awarding benefits beyond the date that Sharrar retired. The Court of Appeals remanded the matter to the appeal board for findings on the question of whether Sharrar was performing favored work at the time she retired. The appeal board determined that Sharrar was performing favored work at the time of her retirement and held that her voluntary retirement did not abrogate her entitlement to continuing workers' disability compensation benefits. After remand, *held:*

1. The record supports the finding of the appeal board that the claimant suffered a compensable injury as a result of a work related fall.

2. It is clear that the appeal board applied the proper standard of proof.

3. The right to compensation persists unless cut off by a legal bar. Only wages from regular employment create a bar. Wages from favored work, when actually paid, toll the right to compensation, but when no longer paid neither toll nor bar compensation. Inability to continue favored work, where that inability arises from a supervening event for which the worker is not responsible, does not create a legal bar.

4. In this case, plaintiff had the physical ability to continue favored work. However, defendant no longer had favored work available to her. Plaintiff had continued working until she was

REFERENCES

Am Jur 2d, Workmens' Compensation §§ 400 *et seq.,* 511, 549 *et seq.,* 565 *et seq.,* 590 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Workers' Compensation.

informed that she would be laid off. At that time, she suggested, as an alternative, that she take an early retirement. Defendant agreed to this.

5. The appeal board properly found that, as a practical matter, the retirement was a layoff which did not operate to bar disability compensation benefits.

Affirmed.

1. WORKERS' COMPENSATION — FINDINGS OF FACT — APPEAL.

Findings of fact by the Workers' Compensation Appeal Board are conclusive in the absence of fraud if there is competent evidence in the record which supports them; the Court of Appeals will, however, reverse where the appeal board has operated within the wrong legal framework or has employed incorrect standards in reaching its decision (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — BURDEN OF PROOF.

A claimant seeking workers' disability compensation benefits must bear the burden of establishing entitlement to those benefits by a preponderance of the evidence.

3. WORKERS' COMPENSATION — BENEFITS — FAVORED WORK.

The right to workers' disability compensation benefits continues unless cut off by a legal bar; wages from regular employment create such a legal bar; wages from "favored work," when actually paid, toll the right to disability compensation benefits; but, when such "favored work" wages are no longer paid, the payment of disability compensation benefits is no longer tolled or barred.

4. WORKERS' COMPENSATION — BENEFITS — FAVORED WORK — SUPERVENING EVENTS.

A worker's inability to continue "favored work" after a work-related injury does not bar entitlement to workers' compensation benefits where that inability arises from a supervening event for which the worker is not responsible.

5. WORKERS' COMPENSATION — BENEFITS — FAVORED WORK — LAYOFFS — RETIREMENT.

The taking of an early retirement rather than facing an indefinite layoff from "favored work" does not bar entitlement to workers' disability compensation benefits, since under those circumstances there is no unjustified refusal to perform "favored work."

*Sachs, Nunn, Kates, Kadushin, O'Hair, Helve-*

ston & Waldman, P.C. (by *Jeanne Nunn* and *Granner S. Ries*), for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Dennis P. Partridge*), for defendant.

Before: J. H. GILLIS, P.J., and T. M. BURNS and R. ROBINSON,* JJ.

PER CURIAM. This case involves a Workers' Compensation Appeal Board decision that plaintiff, now deceased, had suffered a compensable disability entitling her to continuing benefits. Defendant appealed from the WCAB's determination, arguing that the WCAB erred in awarding benefits beyond October 5, 1978, the date on which plaintiff "retired" from post-injury employment with defendant. We granted leave to appeal and, on April 19, 1984, we filed an opinion remanding the case to the WCAB for a factual determination as to whether plaintiff was performing favored work when she retired. We also asked for other factual findings. On October 30, 1985, the WCAB made its findings of fact. On the basis of these findings, we must affirm the WCAB's decision.

Findings of fact made by the WCAB are conclusive in the absence of fraud if there is competent evidence in the record which supports them. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861); *DeGeer v DeGeer Farm Equipment Co,* 391 Mich 96, 100; 214 NW2d 794 (1974). However, this Court will reverse where the WCAB has operated within the wrong legal framework or has employed incorrect standards in reaching its decision. *Schaefer v Williamston Community Schools,* 117 Mich App 26; 323 NW2d 577 (1982), lv den 417 Mich 928 (1983).

---

* Retired circuit judge, sitting on the Court of Appeals by assignment.

Defendant's initial appellate brief argued that the WCAB incorrectly determined that plaintiff had received a neck injury as a result of her accident. Our review of the record indicates that there is competent evidence to support the WCAB's finding that plaintiff's cervical symptomatology resulted from her fall. Her fall resulted in a blow to the right side of her face. While she did not immediately complain of neck pain, her treating physician noted that there might possibly be cervical strain. Moreover, within a reasonable amount of time, plaintiff began to complain of pain in the cervical area. Plaintiff felt that this pain was associated with the blow to the chin. There was no evidence of any other accident which would have produced the injuries.

In its brief after remand, defendant claims that the WCAB applied an improper standard of law when making its factual findings. Defendant claims that the WCAB committed an error mandating reversal by failing to state that plaintiff carried the burden of proving her case by a preponderance of the evidence.

A claimant must prove entitlement to compensation benefits by a preponderance of the evidence. *Aquilina v General Motors Corp,* 403 Mich 206, 211; 267 NW2d 923 (1978). The WCAB's decision and findings of fact in this case contain no indication that it failed to apply the proper standard. On the contrary, the WCAB's decision and its findings contain indications that the proper standard was applied. The WCAB's decision referred to the case of *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979), which indicates the proper standard. In its findings of fact, the WCAB also indicated that it had been persuaded that plaintiff developed painful cervical symptomatology following her fall. The WCAB also found that it

was clear that plaintiff's post-injury employment would qualify as "favored." We are convinced that the appropriate standard was applied. Moreover, defendant failed to raise this issue below.

Defendant's final and main contention is that the WCAB legally erred by failing to conclude that plaintiff's retirement abrogated her entitlement to benefits. We disagree.

The WCAB concluded that plaintiff was suffering from two distinct partial disabilities, both of which arose as a result of plaintiff's work-related fall. Plaintiff developed both right hand problems and neck problems. This finding of disability established plaintiff's right to compensation. The right to compensation persists unless cut off by a legal bar. *Powell v Casco Nelmor Corp*, 406 Mich 332, 352; 279 NW2d 769 (1979). Only wages from regular employment create a bar; wages from favored work, when actually paid, toll the right to compensation but when no longer paid neither toll nor bar compensation. *Id.* Inability to continue favored work, where that inability arises from a supervening event for which the worker is not responsible, does not create a legal bar. *Id.* In this case, plaintiff had the physical ability to continue favored work. However, defendant no longer had favored work available for her. Plaintiff had continued working until she was informed that she would be laid off due to a Teamsters strike in the warehouse. At that time, she suggested, as an alternative, that she take an early retirement. Defendant agreed to this.

The WCAB found that, as a practical matter, it was the layoff, and not the responsive retirement, that constituted a supervening event. The board further found that even if it could be said that plaintiff's retirement was the supervening event, plaintiff's actions in securing her financial future

did not appear at all unreasonable in light of the indefinite nature of the layoff and defendant's failure to reinstate the weekly benefits that it owed her. We agree with the WCAB that plaintiff was entitled to benefits.

We note that an unjustified refusal to perform favored work results in a loss of compensation benefits during the time of refusal. *Coon v Rycenga Homes,* 146 Mich App 262; 379 NW2d 480 (1985). However, plaintiff did not refuse to work in this case. Rather, she was told that she would be laid off. Her retirement was merely chosen as an alternative to the layoff. Moreover, she was not responsible for the circumstances which caused her retirement.

Defendant does not contend that any other favored work was available for plaintiff to perform. Neither does defendant contend that plaintiff was offered or that she refused any later offers of favored work. Rather, she was ready, willing and able to work. Thus, because she was no longer paid wages from favored work, her right to compensation was neither tolled nor barred. The decision of the WCAB is therefore affirmed.

Affirmed.