## LEE v KOEGEL MEATS

Docket No. 152826. Submitted March 2, 1993, at Detroit. Decided March 30, 1993; approved for publication May 26, 1993, at 9:05 A.M.

Jacqueline Lee sought workers' compensation benefits, claiming disability arising out of a work-related injury and her pregnancy. Lee, an employee of Koegel Meats, became pregnant after treatment for infertility, sustained a work-related wrist injury, and did not resume work until she accepted an offer of favored work from Koegel. She subsequently discontinued the favored work on the advice of her obstetrician that the work posed a threat to the pregnancy. Lee did not return to work until seven weeks after delivering her child. A magistrate awarded benefits for the closed period between the wrist injury and the commencement of favored work and for the closed period between the cessation of favored work and the resumption of work after delivery. The Workers' Compensation Appellate Commission, one member dissenting, reversed the magistrate's award of benefits for the second closed period. The Court of Appeals, in lieu of granting or denying Lee's application for leave to appeal, issued a peremptory opinion.

The Court of Appeals *held:*

MCL 418.301(5)(a); MSA 17.237(301)(5)(a) provides that an employee who receives a bona fide offer of reasonable employment and refuses that employment without good and reasonable cause is to be considered voluntarily removed from the workforce and no longer entitled to wage loss benefits during the period of such refusal. MCL 418.301(9); MSA 17.237(301)(9) defines reasonable employment as work that is within the employee's capacity to perform that poses no clear and proximate threat to the employee's health and safety.

In this case, because the favored work posed a threat to Lee's health while she was pregnant, her discontinuance of favored work during the pregnancy did not constitute an unreasonable refusal of employment and she should not be disqualified from

REFERENCES

Am Jur 2d, Workers' Compensation § 399.
See ALR Index under Workers' Compensation.

workers' compensation benefits for the period between when her obstetrician advised against the favored work and when she delivered her child. Absent proof that some other medical condition, for which she is not responsible, kept her from returning to either favored or regular employment, Lee's disability benefits for the second closed period should terminate on the date of childbirth.

Remanded.

WORKERS' COMPENSATION — FAVORED WORK — PREGNANCY.

A pregnant employee who sustains a disabling work-related injury and declines an offer of favored work does not unreasonably refuse the offer, and may not be disqualified from workers' compensation benefits for refusing the offer, where the favored work would complicate the pregnancy and pose a threat to the employee's health (MCL 418.301[5][a],[9]; MSA 17.237[301][5] [a],[9]).

*Sachs, Waldman, O'Hare, Helveston, Hodges & Barnes, P.C.* (by *Granner S. Ries* and *Roberta H. Pullum*), for the plaintiff.

*Hanba & Lazar, P.C.* (by *Shane F. Diehl*), for the defendants.

Before: WAHLS, P.J., and BRENNAN and CORRIGAN, JJ.

PER CURIAM. Plaintiff seeks leave to appeal an April 30, 1992, opinion and order of the Workers' Compensation Appellate Commission, one member dissenting, which in relevant respects reversed the decision of a magistrate to award plaintiff benefits for a closed period. In lieu of granting or denying the application, we resolve the issue presented by peremptory opinion. *Kerby v Judges' Retirement Bd,* 166 Mich App 302; 420 NW2d 195 (1988).

On June 16, 1989, plaintiff suffered a wrist injury in the course of her employment. On that date, plaintiff was likely one or two weeks pregnant. The commission majority noted that plaintiff's pregnancy was undisputedly volitional—

plaintiff went to a fertility clinic for assistance in becoming pregnant.

Plaintiff was off work until October 9, 1989, for which closed period the magistrate awarded her benefits, without current dispute from defendants. On that date, plaintiff was medically certified to return only to favored work, which her employer offered her.

Plaintiff's favored work could only be performed in a standing position. On October 12, 1989, plaintiff's obstetrician restricted her from standing because of "spotting." However, on that date plaintiff's right wrist was still a disabling condition.

Following her obstetrician's recommendation, plaintiff terminated favored work, remained off work through delivery of her baby on March 4, 1990, and did not return to work until April 30, 1990. Although her wrist continues to bother her, plaintiff has resumed her regular employment.

The magistrate held that this second closed period of missed employment was compensable under *Powell v Casco Nelmor Corp*, 406 Mich 332; 279 NW2d 769 (1979). The commission majority, however, disagreed, opining that *Powell* applies only to diseases or other involuntarily encountered disabling conditions, not to pregnancy, which at least in the present context is a voluntarily assumed condition. The commission majority also opined that *Powell*, in any event, has been superseded by amendments of § 301 of the Workers' Disability Compensation Act, MCL 418.301; MSA 17.237(301), specifically § 301(5)(a), which provides:

> If an employee receives a bona fide offer of reasonable employment from the previous employer, another employer, or through the Michigan employment security commission and the employee refuses that employment without good and

reasonable cause, the employee shall be considered to have voluntarily removed himself or herself from the workforce and is no longer entitled to any wage loss benefits under this act during the period of such refusal. [MCL 418.301(5)(a); MSA 17.237(301)(5)(a).]

Reasoning that compensation benefits are intended for those who are unemployed because of work-related disability, the majority held that "good and reasonable cause" refers to work-related, rather than personal, factors. Because on this record pregnancy is not a work-related disability, the majority was disinclined to treat a claimant with an unrelated past injury differently than one who is pregnant, considering different treatment to be illogical, unfair, and plainly discriminatory. The majority therefore concluded that an individual who leaves work because of pregnancy leaves the workplace voluntarily and is accordingly disqualified from benefits by § 301(5)(a).

The dissenting commission member agreed with the majority that "pregnancy is not a disease" and that "any worker with regular employment who takes leave from her job due to pregnancy is not entitled to workers' compensation." The dissenter agreed that a pregnant woman who happens to suffer a work-related injury should be treated no differently than any other worker who sustains a work-related injury.

The dissenter, however, concluded that, in light of the obstetrician's advice on October 12, 1989, to cease any employment involving standing, the favored work then available to plaintiff was not "reasonable employment" for purposes of § 301, as addressed more particularly in § 301(9):

(9) "Reasonable employment," as used in this section, means work that is within the employee's

capacity to perform that poses no clear and proximate threat to that employee's health and safety, and that is within a reasonable distance from that employee's residence. The employee's capacity to perform shall not be limited to jobs in work suitable to his or her qualifications and training. [MCL 418.301(9); MSA 17.237(301)(9).]

The dissenter accordingly reasoned that, on October 12, 1989, the favored work available to plaintiff was no longer "reasonable" because it posed a "clear and proximate threat" to plaintiff's health.

The dissenter reasoned that, while pregnant women should reap no special privileges because of pregnancy, neither can they be denied any. If an employee engaged in "reasonable employment" suffers a nonwork-related illness or injury that precludes continuation of that reasonable employment, benefits are resumed during that period of nonwork-related illness, as long as the work-related disability continues. Once the period of nonwork-related illness has ended, the employee must return to the reasonable employment, despite the continuing work-related disability, or suffer loss of benefits.

The dissenter thus concluded that, with the birth of plaintiff's child on March 4, 1990, her "spotting" condition, the reason for her inability to continue favored work, ended. "Allowing for hospitalization and nature's healing and lacking proofs or a finding that plaintiff's inability to return to reasonable employment continued, I would modify the magistrate's award and grant benefits from October 12, 1989 to March 14, 1990. To do more would foster the payment of workers' disability compensation for 'maternity leaves', which, I agree with my colleagues, is improper." Plaintiff states the issue for review as follows:

Was it legally errroneous for the majority of the WCAC to reverse the decision of the magistrate— that plaintiff was entitled to workers' compensation benefits during the period of time she could not perform favored work on account of a nonwork-related problem?

Plaintiff's right to benefits in this situation is strictly governed only by statute. Neither the Fourteenth Amendment nor the equivalent equal protection provision of Const 1963, art 1, § 2, which is no broader in scope than the Equal Protection Clause of the Fourteenth Amendment, *Doe v Dep't of Social Services,* 439 Mich 650, 670-674; 487 NW2d 166 (1992), demands that workers' compensation disability benefits be extended to pregnant women who, but for their pregnancy, would be capable of undertaking favored work. *Geduldig v Aiello,* 417 US 484; 94 S Ct 2485; 41 L Ed 2d 256 (1974).[1]

At the outset, plaintiff relies on § 301(5)(e):

(5) If disability is established pursuant to subsection (4), entitlement to weekly wage loss benefits shall be determined pursuant to this section and as follows:

\* \* \*

(e) If the employee, after having been employed pursuant to this subsection for less than 100 weeks loses his or her job for whatever reason, the em-

---

[1] Nor does title VII of the Civil Rights Act of 1964, 42 USC 2000e-2(a)(1), require inclusion of pregnancy-related disabilities in the Workers' Disability Compensation Act. *General Electric Co v Gilbert,* 429 US 125; 97 S Ct 401; 50 L Ed 2d 343 (1976); *Nashville Gas Co v Satty,* 434 US 136; 98 S Ct 347; 54 L Ed 2d 356 (1977). It is, however, a question of fact, individual to each case, when a particular pregnant woman would be unable to continue working because of pregnancy or able to return to work after childbirth, and a statute that purports to fix such times conclusively would create a conclusive presumption violative of due process of law. *Turner v Dep't of Employment Security & Bd of Review of the Industrial Comm of Utah,* 423 US 444; 96 S Ct 249; 46 L Ed 2d 181 (1975).

ployee shall receive compensation based upon his or her wage at the original date of injury. [MCL 418.301(5)(e); MSA 17.237(301)(5)(e).]

Plaintiff's reliance on this provision of the statute is misplaced. Subsection 301(5)(e) follows subsections b, c and d, the latter containing three subsections, i-iii, all of which deal with the level of benefits to be paid, and not whether benefits are to be paid in a certain situation. Section 301(5)(e), by its terms, simply indicates that, if plaintiff is otherwise entitled to benefits, then because she was in favored work less than one hundred weeks, whatever the reason for losing her job, her benefit level should be based on her wages at the original date of injury.

The commission was therefore correct in first looking to § 301(5)(a); however, the majority erred, as the dissenter argued, in ignoring the definition of "reasonable employment," a term appearing in § 301(5)(a), as supplied in § 301(9). The favored work offered plaintiff, although within her capacity to perform, on October 12, 1989, posed a clear and proximate threat to her health. While it might be argued that the threat was more to plaintiff's fetus than to plaintiff herself, in the event of miscarriage not only would the fetus be harmed, but plaintiff would be at considerable risk. For this purpose, therefore, no principled distinction between mother and fetus can properly be drawn.

The question remains, therefore, what date should be used for closing plaintiff's award of benefits for this second period of disability. The commission majority erred in suggesting that the amendments of § 301 of the statute rendered nugatory the decision in *Powell v Casco Nelmor Corp, supra;* rather, it seems that the amendments are

consistent with *Powell*, albeit adding certain glosses appropriate to the legislative process, and consistent as well with other judicial decisions in the area of favored work such as *Bower v Whitehall Leather Co*, 412 Mich 172, 182 ff; 312 NW2d 640 (1981), the statute as amended specifically borrowing such concepts as "good and reasonable cause" for declining or terminating favored work.

In *Powell*, the Supreme Court recognized three legal propositions, the third being that "inability to continue favored work, where that inability arises from a supervening event for which the worker is not responsible, does not create a legal bar." 406 Mich 352. In the present situation, plaintiff is clearly "responsible" for her pregnancy, as the commission majority recognized.

The relevant distinction here is that plaintiff did not control the timing or onset of the condition that led her obstetrician to restrict her from continuing favored employment. Although plaintiff is "responsible" for her pregnancy, the complication of pregnancy that forced her to terminate favored work is a supervening event for which she is not responsible, and which therefore does not create a legal bar to her receipt of continued disability benefits.

However, on the date of delivery, plaintiff's inability to return to favored employment was the result, not of a complication of pregnancy, but of the necessities of recovery from childbirth. The dissenting commission member would allow plaintiff ten days to recuperate, while the magistrate allowed plaintiff the full seven plus weeks between childbirth and plaintiff's return to work, although there is no evidence in the record that this entire hiatus was medically required.

In missing employment because of childbirth, plaintiff's disability was irrelevant. Plaintiff would

have been absent from her employment in consequence of childbirth, whether or not she had ever been disabled. Accordingly, plaintiff's disability benefits for the second closed period should terminate on the date of childbirth, March 4, 1990, absent proof that some other medical condition, for which plaintiff is not "responsible" under *Powell, supra*, kept her from returning to either favored or regular employment.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.