DIMCEVSKI v UTICA PACKING COMPANY (ON REMAND)

Docket No. 171522. Submitted November 8, 1995, at Detroit. Decided February 2, 1996, at 9:15 A.M. Leave to appeal sought.

Bogoljub Dimcevski injured his right arm and elbow while working for Utica Packing Company. Utica voluntarily paid worker's compensation benefits for five months, after which Dimcevski accepted one of several favored-work offers extended by Utica. Three months later, Dimcevski quit the favored-work position and sought a resumption of worker's compensation benefits. A worker's compensation magistrate determined that Dimcevski was entitled to benefits pursuant to MCL 418.301(5)(e); MSA 17.237(301)(5)(e). The Worker's Compensation Appellate Commission, one member dissenting, reversed the magistrate's decision, concluding that Dimcevski was ineligible for benefits pursuant to MCL 418.301(5)(a); MSA 17.237(301)(5)(a). The Court of Appeals denied Dimcevski leave to appeal. The Supreme Court, in lieu of granting leave, remanded the case to the Court of Appeals for consideration as on leave granted. 444 Mich 907 (1993).

On remand, the Court of Appeals *held:*

MCL 418.301(5)(a); MSA 17.237(301)(5)(a), which disqualifies an employee from weekly wage-loss benefits if the employee refuses a bona fide offer of favored work without good and reasonable cause, disqualifies an employee from wage-loss benefits where the employee, as in this case, has terminated favored work previously accepted. MCL 418.301(5)(e); MSA 17.237(301)(5)(e), which provides that an employee shall receive compensation based upon wages at the original date of injury if the employee for any reason loses a favored-work position held less than one hundred weeks, applies only to those who are not disqualified from benefits pursuant to § 301(5)(a).

Affirmed.

WORKER'S COMPENSATION — EMPLOYEE'S TERMINATION OF FAVORED WORK — DISQUALIFICATION FROM WAGE-LOSS BENEFITS.

An employee who terminates favored work for reasons other than

REFERENCES

Am Jur 2d, Workers' Compensation § 380.

See ALR Index under Workers' Compensation.

inability to continue performing favored work is considered to have voluntarily left the work force and is not entitled to any wage-loss benefits under the worker's compensation act (MCL 418.301[5][a]; MSA 17.237[301][5][a]).

*Sachs, Waldman, O'Hare, Helveston, Hodges & Barnes, P.C.* (by *Granner S. Ries*), for the plaintiff.

*Richard R. Weiser,* for the defendants.

Before: MacKenzie, P.J., and White and M. W. LaBeau,* JJ.

Per Curiam. This worker's compensation case is before us on remand from the Supreme Court for consideration as on leave granted. 444 Mich 907 (1993). Plaintiff appeals from an order of the Worker's Compensation Appellate Commission that reversed the decision of the magistrate and denied plaintiff benefits. We affirm.

Plaintiff fell and injured his right arm during the course of his employment for defendant. During the five months that plaintiff was off work, defendant voluntarily paid worker's compensation benefits. The fall resulted in a permanent limitation in the range of motion of plaintiff's elbow.

Plaintiff returned to work after defendant told him that a number of favored-work positions were available. He selected a job from among those offered, and performed it for approximately three months. Plaintiff stopped working for the stated reason that his physical problems left him physically unable to perform the job. He then sought a resumption of worker's compensation benefits.

The magistrate found that plaintiff accepted favored work and that the job he accepted was within his physical capacity to perform. In con-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cluding that plaintiff was entitled to benefits, the magistrate relied on MCL 418.301(5); MSA 17.237(301)(5), which reads in part as follows:

> If disability is established pursuant to subsection (4), entitlement to weekly wage loss benefits shall be determined pursuant to this section and as follows:
>
> (a) If an employee receives a bona fide offer of reasonable employment from the previous employer, another employer, or through the Michigan employment security commission and the employee refuses that employment without good and reasonable cause, the employee shall be considered to have voluntarily removed himself or herself from the work force and is no longer entitled to any wage loss benefits under this act during the period of such refusal.
>
> *   *   *
>
> (e) If the employee, after having been employed pursuant to this subsection for less than 100 weeks loses his or her job for whatever reason, the employee shall receive compensation based upon his or her wage at the original date of injury.

The magistrate determined that because plaintiff had accepted favored work, § 301(5)(e) applied rather than § 301(5)(a). According to the magistrate, the fact that plaintiff voluntarily quit the favored work was not a consideration under § 301(5)(e), and thus he was entitled to benefits under that subsection.

Defendant appealed, and in a two-to-one decision the WCAC reversed the decision of the magistrate and denied plaintiff benefits. The majority found that the magistrate's findings, that defendant made a bona fide offer of favored work and that plaintiff was physically capable of performing the work, were supported by competent, material, and substantial evidence on the whole record. Unlike

the magistrate, however, the majority concluded that under § 301(5)(e) the reason for the claimant's departure from employment *was* relevant. The majority concluded that § 301(5)(e) applies in cases in which the claimant "lost" the favored job, and not in cases in which the claimant quit for reasons other than an inability to perform the job. Because plaintiff quit his favored work, the majority concluded that plaintiff was not entitled to benefits. The dissent, on the other hand, found that the language of § 301(5)(e) was clear and unambiguous, and that pursuant to that subsection the reason for the claimant's departure from the job was irrelevant.

On appeal, plaintiff argues that the wcac majority erred as a matter of law in reversing the decision of the magistrate and denying plaintiff benefits. Plaintiff contends that he is entitled to benefits under § 301(5)(e) because, under that subsection, those who voluntarily quit favored work for any reason before one hundred weeks are entitled to benefits. We disagree.

In *Brown v Contech,* 211 Mich App 256; 535 NW2d 195 (1995), this Court recently explained the relationship between §§ 301(5)(a) and (e):

> Plaintiff contends that, pursuant to § 301(5)(e), an employee in favored work who loses his job for whatever reason during the first one hundred weeks of favored work is entitled to receive worker's compensation benefits. Plaintiff's interpretation of § 301(5)(e) misconstrues the import of this entire section of the act because it ignores the fact that MCL 418.301(5)(a); MSA 17.237(301)(5)(a), which states the qualifications for terminating favored work, is controlling. In other words, an employee can be terminated and his worker's compensation benefits relinquished if he refuses such work without good cause. This was the law regard-

ing favored work that the Legislature codified in
§ 301(5). See, e.g., *Coon v Rycenga Homes,* 146
Mich App 262; 379 NW2d 480 (1985). We have
recognized that these amendments were designed
to be consistent with past precedent in the area of
favored work. *Lee v Koegel Meats,* 199 Mich App
696, 702-703; 502 NW2d 711 (1993). Section 301(5)
(e) only establishes the rate at which payment will
be made, assuming the employee is otherwise qual-
ified to receive benefits pursuant to § 301(5)(a).
This has been well articulated, and in fact we are
bound by the construction of § 301(5) in *Lee, supra.*

In *Lee, supra,* at 702, this Court cogently articu-
lated the analysis to be used in applying § 301(5):

"Subsection 301(5)(e) follows subsections b, c and
d, the latter containing three subsections, i-iii, all
of which deal with the level of benefits to be paid,
and not whether benefits are to be paid in a
certain situation. Section 301(5)(e), by its terms,
simply indicates that, *if plaintiff is otherwise enti-
tled to benefits,* then because she was in favored
work less than one hundred weeks, whatever the
reason for losing her job, her benefit level should
be based on her wages at the original date of
injury.

The commission was therefore correct in first
looking to § 301(5)(a). [Emphasis added.]" [211
Mich App 263-264.]

Thus, pursuant to *Brown,* the question whether
plaintiff is entitled to benefits under § 301(5)(e) is
secondary to the question whether he is otherwise
qualified to receive benefits under § 301(5)(a). If he
is so qualified, only *then* need it be determined
whether plaintiff, as a person who voluntarily quit
his favored work, is entitled to benefits under
§ 301(5)(e).

Plaintiff asserts that § 301(5)(a) does not apply in
this case because he did not "refuse" favored work;
rather, he accepted favored work and then per-
formed the favored job for three months before

quitting. This argument is without merit. Section 301(5)(a) applies both to instances in which an employee "refuses" an offer of favored work *and* instances in which an employee voluntarily terminates favored work previously accepted. See *Brown, supra,* p 263; *Lee, supra,* p 703. See also *Coon v Rycenga Homes,* 146 Mich App 262; 379 NW2d 480 (1985). As noted by the WCAC majority, quoting *Conrad-Kowalski v Roman Engineering,* 1989 WCACO 1670, when an employee quits employment for reasons other than an inability to continue performing favored work, § 301(5)(a) is applicable and bars compensation.

In this case, the magistrate found that plaintiff was offered and accepted favored work. He further found that despite the limitation in plaintiff's use of his elbow, he was physically capable of performing the favored work. The WCAC found that these findings were supported by competent, material, and substantial evidence on the whole record and were accepted by the WCAC. Further, it was undisputed that the decision to quit the favored work was plaintiff's. Indeed, there was testimony that defendant had six or seven favored jobs open and available to plaintiff since the date of his injury. Under these circumstances, plaintiff was not entitled to worker's compensation benefits under § 301(5)(a). *Brown, supra; Coon, supra.*

Because plaintiff did not qualify for benefits under § 301(5)(a), an analysis of the case under § 301(5)(e) is unnecessary and, on these facts, inappropriate. *Brown, supra; Lee, supra.*

Affirmed.