SONOC v UNIVERSITY CONVALESCENT & NURSING HOME, INC

Docket No. 205511. Submitted December 10, 1998, at Detroit. Decided
    May 21, 1999, at 9:25 A.M. Leave to appeal sought.

 Cynthia E. Sonoc suffered a work-related injury while employed as a
    nurse's aide by University Convalescent & Nursing Home, Inc. She
    was then assigned various favored-work positions that she was
    able to perform. When finally assigned as a light-duty nurse's aide,
    she was not able to perform the job and fell behind in her assign-
    ments. She voluntarily quit her job to accept a position as a private-
    duty aide but, within a short time, was unable to perform the
    required tasks and was discharged from employment. She then
    sought worker's compensation benefits. The magistrate awarded
    Sonoc benefits to be paid by the employer's insurer, Reliance Insur-
    ance Company, and ordered the employer and insurer to provide
    medical care and treatment. The employer and insurer appealed,
    and the Worker's Compensation Appeal Board terminated the
    worker's compensation benefits from the date Sonoc voluntarily
    resigned her favored-work position. The Court of Appeals affirmed
    the board's decision. 170 Mich App 361 (1988). The Supreme Court,
    in lieu of granting leave to appeal, vacated the judgments of the
    board and the Court of Appeals and remanded the matter to the
    board for a finding regarding whether Sonoc requested her old
    favored-work job back after losing her private-duty job and, if so,
    further appropriate proceedings. 432 Mich 879 (1989). On Novem-
    ber 20, 1991, the board determined that Sonoc had sought to return
    to her favored-work position and ordered the resumption of bene-
    fits from the date of Sonoc's request. The Court of Appeals vacated
    the board's opinion and order in an unpublished order entered June
    29, 1992 (Docket No. 147592), finding the record did not support
    the determination that Sonoc had sought to return to her favored-
    work position. The matter was remanded to the board for further
    proceedings. The Worker's Compensation Appellate Commission,
    the board's successor, held that Sonoc had voluntarily left her
    favored-work position and was not entitled to benefits. The Court
    of Appeals vacated the commission's opinion and order and
    remanded for a determination whether Sonoc had asked for her
    favored-work position back at any time after losing her private-duty
    job, noting that, while the commission had specifically determined

that Sonoc did not ask for her job back on June 3, 1981, the Supreme Court had required the commission to determine if Sonoc had at any time asked for her favored-work job back after losing her private-duty job. Unpublished order of the Court of Appeals, entered May 17, 1994 (Docket No. 170696). On January 30, 1996, the commission entered an opinion and order finding no evidence indicating that Sonoc asked for her position back at any time after losing her private-duty job, and ordering her benefits terminated. The Court of Appeals denied leave to appeal in an unpublished order entered September 5, 1996 (Docket No. 193001). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 455 Mich 866 (1997). The Supreme Court directed the Court of Appeals to address the seeming conflict between the Court of Appeals order of May 17, 1994, and the commission's January 30, 1996, opinion and order. The Court of Appeals was also directed to decide four questions posed by the Supreme Court.

The Court of Appeals *held*:

1. The commission properly found on January 30, 1996, that Sonoc at no time specifically asked to be returned to her favored-work position. Although the commission's November 20, 1991, opinion had found that such a request had been made, that opinion was based on testimony relating to a period not relevant to this matter. The Court of Appeals June 29, 1992, order and the commission's January 30, 1996, opinion are to be followed.

2. Because the conflict between the Court's May 14, 1994, order and the commission's January 30, 1996, opinion focused on when, if ever, Sonoc made a request, and because the Court of Appeals concluded that no request was made, the answer to the first question posed by the Supreme Court is "no." The commission did not err in finding that Sonoc did not request to have her favored job back after losing her private-duty job.

3. The second question must also be answered "no." The commission did not err in concluding that Sonoc was required to specifically ask to have her favored-work job back. An employee who refuses favored work by unilateral termination of employment must request to be reinstated in order to be entitled to future payment of worker's compensation benefits.

4. The third question must be answered "no." Sonoc did not make an adequate showing on the record at the 1981 hearing before the magistrate that she requested to be reinstated to her favored-work position.

5. The fourth question should be answered "yes." Sonoc should be permanently disqualified from receiving worker's compensation

benefits on the basis that she unreasonably refused to perform reasonable favored work. The commission properly found that Sonoc voluntarily left favored work for a noninjury-related reason.

Affirmed.

*Sachs, Waldman, O'Hare, Helveston, Bogas & McIntosh, P.C.* (by *Granner S. Ries*), for the plaintiff.

*Luke A. McMurray & Associates* (by *Nicole Lussos* and *Jill Purtan*), for the defendants.

Before: KELLY, P.J., and HOOD and MARKEY, JJ.

KELLY, P.J. The Supreme Court, in lieu of granting leave to appeal from the September 5, 1996, unpublished order of this Court (Docket No. 193001) denying leave to appeal the decision of the Worker's Compensation Appellate Commission (WCAC), remanded this matter to this Court for consideration as on leave granted. 455 Mich 866 (1997). On remand, this Court is to address the seeming conflict between our prior unpublished order of May 17, 1994, and the WCAC's decision of January 30, 1996. Further, we are to decide the following questions:

(1) Whether the WCAC erred in finding that the plaintiff did not request to have her favored work job back after losing the job for which she left her favored work on March 18, 1981?

(2) Whether the WCAC erred in concluding the plaintiff was required to explicitly ask to have her favored work job back as a condition for receiving worker's compensation benefits, where it was established at the 1981 hearing on her claim for benefits that she still was disabled and no longer was employed?

(3) Whether the plaintiff's testimony at the hearing was sufficient to satisfy the necessity of a request for reinstatement, as suggested in the May 17, 1994, order of the Court of Appeals?

(4) Whether, assuming the plaintiff was required to explicitly request reinstatement and failed to do so, she should be permanently disqualified from receiving worker's compensation benefits on the basis that she unreasonably refused to perform favored work? [*Id.*]

This case has a tortured history reaching back to 1979, the year of plaintiff's original work-related injury. Plaintiff began working for University Convalescent & Nursing Home, Inc. (hereafter defendant), as a nurse's aide in 1979. During the course of her employment in 1980 she injured her back while moving a patient into a bed. This injury was primarily an aggravation of a previous injury that occurred in 1979. The extent of her injuries prompted a physician's recommendation that her return to work be contingent on restrictions on bending and lifting.

In July 1980, plaintiff was given the part-time job of feeder. This job required plaintiff to pass out dinner trays, feed patients, and collect the trays after dinner. In November 1980, plaintiff began working on a full-time basis. Her duties were increased by requiring her to take vital signs, shave male patients, and occasionally assist other aides. In January 1981, defendant made plaintiff a light-duty nurse's aide. This was essentially her original position before 1980, but with less lifting involved. Plaintiff was not able to perform the duties of a light-duty nurse's aide and repeatedly fell behind in her assignments.

On March 18, 1981, plaintiff voluntarily quit her job and accepted a position as a private-duty aide in the home of one of defendant's former patients. Within a short time, plaintiff was not able to perform additional tasks her new employer required, such as washing floors and shelves. She was then discharged.

At the time of the hearing, plaintiff was working as a baby-sitter.

The hearing was held before magistrate Joseph L. Chylinski. On January 19, 1982, the magistrate awarded plaintiff worker's compensation benefits from defendant insurer Reliance Insurance Company and ordered defendants to provide necessary medical care and treatment to plaintiff. Defendants appealed and on November 19, 1986, the Worker's Compensation Appeal Board (WCAB) terminated plaintiff's worker's compensation benefits from the date she voluntarily resigned her favored-work position with defendant. On May 5, 1988, this Court affirmed the decision of the WCAB. See *Sonoc v Univ Convalescent & Nursing Home, Inc*, 170 Mich App 361; 427 NW2d 563 (1988).

On March 13, 1989, the Supreme Court vacated the opinion of this Court and remanded the case with the following order:

> In lieu of granting leave to appeal, the judgments of the Court of Appeals and the Workers' Compensation Appeal Board are vacated, and the case is remanded to the Workers' Compensation Appeal Board for a factual finding as to whether plaintiff requested her old "favored work" job back after losing her new job with a different employer and, if so, for further appropriate proceedings. MCR 7.302(F)(1). [432 Mich 879 (1989).]

On November 20, 1991, the WCAB determined that plaintiff sought a return to her favored-work position on June 3, 1981; weekly compensation benefits were ordered to resume thereafter. Defendant appealed to this Court and, on June 29, 1992, this Court, in an unpublished order (Docket No. 147592), vacated the opinion and order of the WCAB, stating the record did

not support its determination that plaintiff sought a return to her favored-work position.

The case was then remanded back to the WCAB for further proceedings. On November 5, 1993, the WCAC, successor to the WCAB, held that plaintiff had voluntarily left her favored-work position and was not entitled to worker's compensation benefits. Plaintiff applied for leave to appeal to this Court. On May 17, 1994, this Court, in an unpublished order (Docket No. 170696), vacated the opinion and order of the WCAC and remanded this case to the commission for a determination regarding whether plaintiff asked for her favored-work position back at any time after losing her job as a private-duty aide. This Court noted that while the WCAC had determined that plaintiff had not asked for her job back on June 3, 1981, the order of the Supreme Court required the WCAC to determine if plaintiff had *at any time* asked for her favored-work job back after her subsequent termination as a private-duty aide. On January 30, 1996, the WCAC reported it found no evidence indicating that plaintiff asked for her position back at any time after her termination as a private-duty aide. The WCAC terminated plaintiff's benefits as of March 18, 1981. Plaintiff's application for leave to appeal to this Court was denied on September 5, 1996. On July 22, 1997, in lieu of granting plaintiff's application for leave to appeal, the Supreme Court breathed new life into the case and remanded it to this Court for a determination of the questions presented above. We address the Supreme Court's questions on remand.

First, this Court is to reconcile an apparent conflict between the WCAC's finding that plaintiff did not ask to be returned to her favored-work position on June 3,

1981, and this Court's order of May 17, 1994, wherein we stated the WCAC was required by the Supreme Court to determine if plaintiff *at any time* after losing her private-duty aide position asked for her favored-work position back. In a recent decision by the Supreme Court, the WCAC's findings of fact have been described as being conclusive absent any fraud unless otherwise provided by law. *Layman v Newkirk Electric Associates, Inc*, 458 Mich 494, 498; 581 NW2d 244 (1998). Further, the WCAC's review of a magistrate's findings of fact is limited to whether the magistrate's decision was supported by competent, material, and substantial evidence on the whole record. *Hagerman v Gencorp Automotive*, 457 Mich 720, 727; 579 NW2d 347 (1998). Therefore, we give due deference to the WCAC's findings of fact along with the magistrate's findings of fact where appropriate, a daunting task where the commission reverses the magistrate's determination. In performing this task, this Court must consider the following: issues of credibility determined by the magistrate; evidence accepted and rejected by both the magistrate and the WCAC; and the care, reasoning, and analysis employed by the magistrate and the WCAC in reaching their conclusions. *Goff v Bil-Mar Foods, Inc (After Remand)*, 454 Mich 507, 516; 563 NW2d 214 (1997). The Supreme Court has developed a four-part guide to facilitate review:

"If it appears on judicial appellate review that the WCAC carefully examined the record, was duly cognizant of the deference to be given to the decision of the magistrate, did not 'misapprehend or grossly misapply' the substantial evidence standard, and gave an adequate reason grounded in the record for reversing the magistrate, the judicial tendency should be to deny leave to appeal or, if it is granted,

to affirm . . . ." [*Id.* at 516-517, quoting *Holden v Ford Motor Co*, 439 Mich 257, 269; 484 NW2d 227 (1992).]

Further, as noted above, the latest lamination to our scope of review is that the WCAC's own findings of fact shall be considered to be conclusive in the absence of fraud unless otherwise provided by law. *Layman, supra* at 498.

On January 30, 1996, the WCAC, in its opinion and order, concluded that plaintiff at no time specifically asked defendant to be returned to her favored-work position. The commission noted that during the hearing before the magistrate in 1981, plaintiff testified that she could continue to work as a feeder or with the increased duties of shaving patients, taking vital signs, and assisting other aides. She testified that she could not continue as a light-duty nurse's aide, but that she would "love to give it a try."[1] Later, during that hearing before the magistrate, plaintiff testified that she wanted to go back to work as an

---

[1] The relevant testimony is as follows:

[*Ronald Weiner, plaintiff's counsel*]: Do you feel that there's some job that you could do?
*Plaintiff*: I'd try hard, yes.
*Mr. Weiner*: Do you recall that you had the job as a feeder at the University Nursing Home?
*Plaintiff*: Yes.
*Mr. Weiner*: Could you still handle that job, do you think?
*Plaintiff*: Yes.
*Mr. Weiner*: I think you also said you had a job taking vital signs in November of 1980?
*Plaintiff*: Yes.
*Mr. Weiner*: Could you handle that job?
*Plaintiff*: Yes.
*Mr. Weiner*: How about the Nurse's Aide job?
*Plaintiff*: To tell you the truth, I know I couldn't. But I'd love to give it a try.

unrestricted nurse's aide, but that she was not physically able to perform the required tasks. The WCAC declined to equate these statements as constituting a request by plaintiff to return to a favored-work position. We agree. The oft revisited record fails to affirmatively show plaintiff to have contacted her employer to ask that she be reinstated in her favored-work position. While in its November 20, 1991, opinion the WCAC determined that plaintiff had requested reinstatement to her favored-work position,[2] this panel follows this Court's June 29, 1992, order and the WCAC's January 30, 1996, opinion that concludes that there is an absence of proof on the record showing plaintiff to have requested reinstatement to any of her former positions, including any favored-work position.

Because the conflict between this Court's May 14, 1994, order and the WCAC's decision on January 30, 1996, focused on when, if ever, plaintiff asked defendant to return her to her favored-work position, and because we have concluded that plaintiff did not request to be returned to that position, the answer to the first question posed by the Supreme Court is, respectfully, no. The WCAC did not err in finding plain-

---

[2] The testimony the WCAB refers to states in relevant part:

*Plaintiff:* . . . The insurance company cut me off work, won't let me come back. I wanted to go back to work. I tried to go back to work even before they cut me off, and they wouldn't let me come back. And I'm sitting here and I can't do nothing.

This Court and the WCAC found plaintiff's testimony to be referring to the summer of 1980, several months before she finally resigned from defendant's employment. Thus, the testimony is not relevant to any efforts by plaintiff to retain employment with defendant *after* her voluntary termination of employment.

tiff not to have requested reinstatement to her favored-work position.

Next, we are to determine whether plaintiff had to explicitly request to have her favored-work position reinstated when it is clear that she was, in fact, disabled at the time of the 1981 hearing. The decision of the WCAC is reviewed by this Court to determine whether it acted in a manner consistent with the concept of administrative appellate review that is less than review de novo in finding that the lower court's decision was based on competent, material, and substantial evidence on the record with questions of law reviewed de novo. *Hagerman, supra* at 727.

When an employer meets its burden of offering favored work, the employee must attempt to perform it. *Parmeter v Grand Rapids Public Schools*, 168 Mich App 97, 102; 424 NW2d 6 (1987). The record is clear in that defendant offered plaintiff the favored-work position of feeder in July 1980. Plaintiff stated that she did not have any physical problems in performing the tasks associated with this position. Shortly, however, her duties were stepped up. The increase in her duties requiring her to take patients' vital signs, shave male patients, and assist the nurse's aides was within plaintiff's physical boundaries. The record supports the WCAC's finding that during 1980 defendant offered, and plaintiff accepted and performed, favored work in light of plaintiff's work-related injury. However, when defendant next changed plaintiff's job to light-duty nurse's aide, plaintiff found her physical ailments conflicting with her job performance.

The record is clear that while plaintiff did express a desire to return to work during the 1981 proceedings,

she did not expressly indicate to defendant that she, in fact, wanted to return to her favored-work position. The WCAC concluded that plaintiff had voluntarily left defendant to begin working for another employer. If an employee performing favored work terminates her employment for reasons other than her inability to perform the work, then termination of worker's compensation benefits is appropriate. *Dimcevski v Utica Packing Co (On Remand)*, 215 Mich App 332, 337; 544 NW2d 763 (1996). Generally, forfeiture of worker's compensation benefits continues only for the duration of the employee's unreasonable refusal of favored work. *Nederhood v Cadillac Malleable Iron Co*, 445 Mich 234, 248; 518 NW2d 390 (BRICKLEY, J.), 259 (BOYLE, J.), 267 (RILEY, J.), 276 (LEVIN, J.) (1994). Thus, if an employee unreasonably refuses favored work, any correction of that refusal would logically entail a request to return to the same position. As such, the WCAC did not err in reaching the general conclusion that an employee who refuses favored work by unilateral termination of employment must request to be reinstated in order to be entitled to future payment of worker's compensation benefits. Therefore, the answer to question number two is the same—no error.

Next, the Supreme Court directs this Court to determine whether plaintiff's testimony at the 1981 hearing was sufficient to satisfy the necessity of a request for reinstatement of favored work. For the reasons stated above, we have concluded that plaintiff did not make an adequate showing on the record that she requested to be reinstated to her favored-work position.

Finally, we are to decide whether plaintiff's worker's compensation benefits should be terminated on the basis of an unreasonable refusal to perform favorable work. A determination of the reasonableness of plaintiff's refusal, or voluntary termination, involves questions of fact. *Pulver v Dundee Cement Co*, 445 Mich 68, 81; 515 NW2d 728 (1994). This Court examines whether the WCAC applied the correct legal test and whether there is any competent evidence to support its factual findings. *Jones-Jennings v Hutzel Hosp (On Remand)*, 223 Mich App 94, 102-103; 565 NW2d 680 (1997).

An employee who unjustifiably refuses an offer of favored work forfeits her right to worker's compensation. *Russell v General Motors Corp*, 172 Mich App 627, 631; 432 NW2d 738 (1988). This is contingent on the employer's offer of favorable work being reasonable. *Parmeter, supra* at 102. An offer of reasonable employment must accommodate the employee's limitations. *Price v Westland*, 451 Mich 329, 337; 547 NW2d 24 (1996). Employment that poses a clear and proximate threat to an employee's health and safety is not reasonable employment. *Lee v Koegel Meats*, 199 Mich App 696, 703; 502 NW2d 711 (1993). In the instant case, the WCAC found the initial offer of favored work to be reasonable. This is evidenced by plaintiff's own testimony that she could perform the duties of feeding patients. Defendant then increased plaintiff's duties, and again, plaintiff indicated that she could perform these increased duties. It was not until defendant increased plaintiff's duties to those of a light-duty nurse's aide that plaintiff found herself unable to perform her assignments. Plaintiff testified that she left defendant's employment because she

could not keep up with the increased physical strain her latest position required. She left, she said, because she thought it would be best for everyone involved. In finding that plaintiff left defendant's employment for noninjury-related reasons, the WCAC stated in its January 30, 1996, opinion:

> We first note that the Appeal Board decision dated November 19, 1986 accurately set forth the underlying facts. *We further believe that [the] opinion was correct in its analysis and conclusions and we adopt it as our own.*[3] In essence, the Appeal Board held that since plaintiff voluntarily resigned her favored work employment in order to take another job, she had refused a reasonable offer of favored work and was therefore not entitled to benefits during the period of refusal. The Appeal Board then ordered that defendant did not have to pay benefits after plaintiff's date of resignation. No further comment was made, in that decision, regarding the permanency of that order.
>
> We believe that the Appeal Board ruled correctly on the question of plaintiff's refusal to perform favored work. [Emphasis added.]

Because of the highly restrictive scope of review afforded this Court in worker's compensation cases, we have no choice but to find that the WCAC properly determined plaintiff to have voluntarily left favored work for a noninjury-related reason. The record contains competent evidence to suggest that plaintiff did indeed leave defendant's employment for purely voluntary reasons. On the other hand, the hearing before the magistrate also afforded ample evidence to show

---

[3] In its November 19, 1986, opinion, the WCAB stated:

> It is plaintiff's own testimony on her last day of work that she was able to "manage" her job and that she quit because she had been offered another position.

by a preponderance of the evidence that plaintiff quit her so-called favored-work position because of physical limitations resulting from an employment-related injury and that was the conclusion reached by the magistrate. The appeal board and the WCAC reversed the magistrate's decision. We are compelled to give due deference. To put it another way, we cannot reverse simply because we disagree with the WCAC.

In *Bower v Whitehall Leather Co*, 412 Mich 172, 182; 312 NW2d 640 (1981), the Supreme Court articulated the rationale behind the favored-work doctrine:

> The primary purpose of the doctrine is that of mitigation. It allows an employer to reduce or completely eliminate compensation payments by providing work within the injured employee's physical capacity. At the same time, it encourages the employee to return to productive employment rather than to remain idle, thus also serving a rehabilitative function.

We find it curious that the WCAC did not determine the facts of this case to show, as we think they clearly do, that plaintiff attempted to perform each task assigned by defendant after her initial injury twenty years ago, and left defendant's employment only after she was physically unable to perform stepped-up duties. As the magistrate found, plaintiff appears to have exercised an abundance of good faith in attempting to perform all duties assigned to her through defendant's offers of favored work. The same good faith seems lacking on the part of defendant. However, pursuant to *Layman, supra*, we are left little choice other than to affirm the findings of the WCAC in its January 30, 1996, opinion.

Affirmed.